John Donovan, Justice *778 Pro se appellant Widener Michael Weems appeals the trial court's order denying his post-conviction motion for DNA testing. We affirm in part and dismiss in part.
I. Factual and Procedural Background
The factual background in this case was set forth by this Court on direct appeal as follows:
... H.P. Weems reported his father, Holmes Weems, missing. Shortly thereafter, investigators discovered Holmes Weems' vandalized and abandoned vehicle in a field. H.P. Weems gave investigators information that if anything bad had happened to his father, it would be at the hands of the Weems brothers, specifically appellant.[1] Thereafter, investigators questioned appellant's wife, Emily Weems. Mrs. Weems told investigators appellant and his brother were responsible for murdering her father. After receiving her statement, an investigator allegedly drew up a probable cause affidavit and obtained a warrant for appellant's arrest. Thereafter, appellant was arrested and brought to the Brazoria County Sheriff's Department. That night, after he received and waived his Miranda rights, appellant made a written confession and directed officers to the location of Holmes Weems' body. The next morning, appellant accompanied officers to the exact location of the body, and, upon his return to the Sheriff's office, gave a videotaped statement about his involvement in the murder.
Weems v. State , 167 S.W.3d 350, 354 (Tex. App.-Houston [14th Dist.] 2005, pet. ref'd). A jury found appellant guilty of the offense of murder, and assessed punishment at life imprisonment. This Court affirmed appellant's conviction on direct appeal. Id. The Texas Court of Criminal Appeals refused discretionary review, and the United States Supreme Court denied his petition for writ of certiorari. Weems v.Texas , 547 U.S. 1135, 126 S.Ct. 2031, 164 L.Ed.2d 791 (2006).
Over the next ten years, appellant filed numerous petitions for writ of habeas corpus, in federal and state courts, all of which were denied. On December 7, 2016, appellant filed a request for appointment of counsel for DNA testing on the "fireplace tool" pursuant to Chapter 64 of the Code of Criminal Procedure, which was opposed by the State.[2] On December 20, 2016, the trial court denied appellant's request as follows:
On this day came to be heard the Defendant's Request for Appointment of Counsel for DNA Testing. The Court takes judicial notice of the Court's File. Having reviewed the record, the Defendant's Motion and the State's Reply, the *779 Court Finds the Defendant has failed to show reasonable grounds for the appointment of counsel under Article 64.01(c) of the Code of Criminal Procedure. The Court DENIES the Defendant's Request for Appointment of Counsel for DNA Testing.
Appellant appealed the denial of his request to this Court, which we dismissed for lack of jurisdiction. Weems v. State , No. 14-17-00021-CR, 2017 WL 1750129, at *1 (Tex. App.-Houston [14th Dist.] May 4, 2017, no pet.) (citing Gutierrez v. State , 307 S.W.3d 318, 323 (Tex. Crim. App. 2010) ).
On April 5, 2017, appellant filed a motion for DNA testing, which was opposed by the State. On May 22, 2017, the trial court denied appellant's motion as follows:
On this day came to be heard the Applicant's Motion for DNA Testing. Having reviewed the Court's file and the affidavit and document submitted, the Court Finds that the Applicant has failed to meet his burden under Art. 64.03 of the Code of Criminal Procedure to show, by a preponderance of the evidence, that he would not have been convicted if exculpatory results had been obtained through the DNA testing of the requested evidence. The Court DENIES the Applicant's Motion for DNA Testing.
Appellant timely filed this appeal.
II. Analysis
Appellant argues that the trial court erred in denying his request for: (1) a court-appointed attorney to assist him in obtaining post-conviction DNA testing; and, (2) post-conviction DNA testing. In a third issue, appellant complains of the indictment and jury charge in the original proceeding.
A. Standard of Review and Applicable Law
Chapter 64 of the Code of Criminal Procedure governs a convicted person's request for post-conviction forensic DNA testing and contains multiple threshold requirements that must be met before an applicant is entitled to such testing. See , e.g. , Tex. Code Crim. Proc. Ann. arts. 64.01 - 64.05. The convicted person bears the burden of satisfying all article 64.01 and 64.03 requirements. Wilson v. State , 185 S.W.3d 481, 484 (Tex. Crim. App. 2006).
Generally, we review a trial court's decision on a motion related to DNA testing under a bifurcated standard of review. Whitaker v. State , 160 S.W.3d 5, 8 (Tex. Crim. App. 2004). We afford almost total deference to the trial court's determination of issues of historical fact and issues of application of law to fact that turn on credibility and demeanor of witnesses. Rivera v. State , 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We review de novo other issues of application-of-law-to-fact questions that do not turn on the credibility and demeanor of witnesses. Id. Here, because the trial court did not conduct a live hearing, we review the trial court's denial of DNA testing de novo. See Smith v. State , 165 S.W.3d 361, 363 (Tex. Crim. App. 2005). A motion requesting court-appointed counsel and a motion requesting post-conviction DNA testing are intertwined. See Ex parte Gutierrez , 337 S.W.3d 883, 890, 892 (Tex. Crim. App. 2011).
B. Motion for Post-Conviction DNA Testing
The purpose of post-conviction DNA testing is to provide a means through which a convicted person may establish his innocence by excluding himself as the perpetrator of the offense of which *780 he was convicted. See Blacklock v. State , 235 S.W.3d 231, 232-33 (Tex. Crim. App. 2007) ; Birdwell v. State , 276 S.W.3d 642, 645-46 (Tex. App.-Waco 2008, pet. ref'd). A convicting court may order forensic DNA testing only if the statutory preconditions of Chapter 64 are met. See Holberg v. State , 425 S.W.3d 282, 284 (Tex. Crim. App. 2014) ; Bell v. State , 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). The statute requires that:
(a) A convicting court may order forensic DNA testing under this chapter only if:
(1) the court finds that:
(A) the evidence:
(i) still exists and is in a condition making DNA testing possible; and
(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect;
(B) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and
(C) identity was or is an issue in the case; and
(2) the convicted person establishes by a preponderance of the evidence that:
(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.
Tex. Code Crim. Proc. Ann. art. 64.03(a). "[W]hether "reasonable grounds" exist for testing necessarily turns on what is required for testing." See Ex parte Gutierrez , 337 S.W.3d at 891. "Basic requirements are that biological evidence exists, that evidence is in a condition that it can be tested, that the identity of the perpetrator is or was an issue, and that this is the type of case in which exculpatory DNA results would make a difference." Id.
Here, appellant requests that the fireplace tool admitted into evidence should be tested for DNA. The record demonstrates that swabs taken from the fireplace tool show "[n]o DNA profile was obtained from the weapons' swabs." There was no DNA on the fireplace tool. Additionally, the record reflects that identity was not an issue because appellant admitted he committed the complainant's murder and led the investigators to the location of the complainant's body.[3] See Bell v. State , 90 S.W.3d 301, 308 (Tex. Crim. App. 2002) (identity was not an issue because the defendant confessed to the charged offense); see Baggett v. State , 110 S.W.3d 704, 707 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd) (identity not an issue when appellant admitted to being with victim and perpetrating a crime). Finally, appellant cannot show the potential results from the testing would establish his innocence. If testing were used to show no DNA evidence from appellant on the tool, it may mean any number of things: he wore gloves; wiped the tool off; or did not leave a sufficient DNA sample to be analyzed. If another person's DNA is found on the tool, it could mean that the object was in a location others came into contact with it. Or, the DNA of appellant's two other co-defendants may be on the fireplace tool. In sum, appellant cannot demonstrate the potential results from DNA testing of the fireplace *781 tool would establish his innocence. See Ex parte Gutierrez , 337 S.W.3d at 899.
Because the trial court had evidence that the fireplace tool had been previously tested for DNA but no biological material existed and that identity was not an issue in this case, the evidence of record supports the trial court's determination that appellant had "failed to show, by a preponderance of the evidence, that he would not have been convicted if exculpatory results had been obtained through DNA testing of the requested evidence." Thus, the trial court did not err in denying appellant's motion for DNA testing. Appellant's issue challenging the trial court's denial for DNA testing is overruled.
C. Motion for Court-Appointed Counsel
If a convicted person intends to file a motion for post-conviction DNA testing, then the trial court shall provide court-appointed counsel to the applicant, but only if three requirements are met: (1) the applicant must tell the trial court that he wishes to submit an application for post-conviction DNA testing; (2) the trial court must find "reasonable grounds" for the application to be filed; and (3) the trial court must determine the applicant is indigent. Tex. Code Crim. Proc. Ann. art. 64.01(c). Thus, entitlement to court-appointed counsel in this context is conditioned on the trial court finding, in relevant part, that reasonable grounds exist for filing the motion for post-conviction DNA testing. See Ex parte Gutierrez , 337 S.W.3d at 889.
As set forth above, the evidence of record supports the trial court's determination that appellant "has failed to show reasonable grounds for the appointment of counsel under Article 64.01(c) of the Code of Criminal Procedure." Appellant failed to demonstrate two of the statutory preconditions to obtaining DNA testing under Chapter 64, specifically that biological material still exists and that identity was or is an issue in the case. Tex. Code Crim. Proc. Ann. art. 64.01(c). Accordingly, the trial court did not error by denying appellant's request for counsel. See Peyravi v. State , 440 S.W.3d 248, 249-50 (Tex. App.-Houston [14th Dist.] 2013, no pet.). Appellant's issue challenging the trial court's denial of counsel is overruled.
D. Remaining Issues Beyond the Scope of Review
Chapter 64 is simply a procedural vehicle for obtaining evidence "which might then be used in a state or federal habeas proceeding." See Thacker v. State , 177 S.W.3d 926, 927 (Tex. Crim. App. 2005). It is not an invitation to review every potential error in the underlying trial proceedings. In re Garcia , 363 S.W.3d 819, 822 (Tex. App.-Austin 2012, no pet.). As such, "[C]hapter 64 does not confer jurisdiction on an appellate court to consider "collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing appeal, anything beyond the scope of those articles.' " Id. (quoting Reger v. State , 222 S.W.3d 510, 513 (Tex. App.-Fort Worth 2007, pet. ref'd) ); see also Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist. , 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (explaining that court of criminal appeals has complete jurisdiction over post-conviction relief from final felony convictions under article 11.07 of Code of Criminal Procedure ); In re Briscoe , 230 S.W.3d 196, 196-97 (Tex. App.-Houston [14th Dist.] 2006, orig. proceeding) (stating that intermediate appellate courts have no jurisdiction over "post-conviction writs of habeas corpus in felony cases" under article 11.07 ).
*782 Appellant's issues related to the indictment and jury charge are beyond the scope of Chapter 64; thus, we do not have jurisdiction under Chapter 64 to consider these issues. Moreover, the time for presenting these claims in a direct appeal has long since expired. See Tex. R. App. P. 26.1.1. For these reasons, we dismiss appellant's other issues for want of jurisdiction. See In re Garcia , 363 S.W.3d at 822.
III. Conclusion
Having overruled appellant's issues related to Chapter 64, we affirm the trial court's orders denying post-conviction motions for appointment of counsel and DNA testing, and dismiss all other remaining issues for want of jurisdiction.

Appellant is the son-in-law of the victim and, coincidently, shares the same surname with the victim and his family. Weems v. State , 167 S.W.3d 350, 354 n. 1 (Tex. App.-Houston [14th Dist.] 2005, pet. ref'd).

An "appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties." See Turner v. State , 733 S.W.2d 218, 223 (Tex. Crim. App. 1987) ; accord Ex Parte Justice , No. 14-15-00725-CR, No. 2016 WL 3213218, at *1 (Tex. App.-Houston [14th Dist.] June 9, 2016, no pet.) ; Ex parte Cox , Nos. 14-09-00102-CR, 14-09-00103-CR, 2009 WL 1057338, at *2 (Tex. App.-Houston [14th Dist.] Apr. 21, 2009, no pet.). Because appellant's appeal of the denial of his motion requesting appointment of counsel to assist him in obtaining post-conviction DNA testing was originally filed, albeit prematurely, in this Court, we take judicial notice of the records in cause number 14-17-00021-CR.

Article 64.03(b) provides that a defendant's confession or other admission of guilt does not remove identity as an issue in the case. Tex. Code Crim. Proc. Ann. art. 64.03(b) ("[T]he convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of [a] plea, confession, or admission.").