

## NUMBER 13-18-00285-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

RONNIE JOE HENDRICK,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 24th District Court
### of DeWitt County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Appellant Ronnie Joe Hendrick appeals from the denial of his motion for post-conviction DNA testing and the denial of his request for appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01. In 2013, Hendrick pleaded guilty to murder in DeWitt County pursuant to a plea agreement whereby the State would recommend a twenty-two year sentence. *See* TEX. PENAL CODE ANN. § 19.02. He was sentenced in accord with

the plea agreement. By four issues that we construe as two, Hendrick challenges the trial court's denial of his motion for DNA testing and his motion for appointment of counsel. We affirm.

## I. BACKGROUND

Pamela Shelley was shot and killed on January 6, 2001. Hendrick was present at her house that day. Her death was considered a suicide until 2012 when Hendrick was indicted for murder. *Id.* Hendrick pleaded guilty in September 2013.

In November 2017, Hendrick filed a pro se motion requesting appointment of counsel to pursue a motion for DNA testing. To his motion, he attached copies of a DNA testing report dated June 25, 2012 that reflected the results of DNA testing on the gun and cartridge cases used in Shelley's murder, a copy of the report from the autopsy performed on Shelley, an amendment to the autopsy report, his Declaration of Inability to Pay, his affidavit reciting events on the day of the murder, and copies of what appear to be police reports of witness statements.

The trial court did not act on Hendrick's motion for appointed counsel. After several inquiry letters, Hendrick filed a motion for forensic DNA testing on January 22, 2018, and he requested that the motion be set for hearing. Hendrick filed additional letters requesting a hearing and on April 8, 2018, filed a petition for writ of mandamus in the district court.[1]

On April 18, 2018, the trial court denied Hendrick's motion for DNA testing by written order without holding a hearing. Hendrick appeals from that order.

---

[1] The application for writ of mandamus was never addressed and was mooted by the trial court's subsequent ruling.

## II. POST-CONVICTION DNA TESTING

By three issues that we construe as one, Hendrick complains that he met the requirements of Article 64.01 and the trial court erred by denying relief. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01. In his fourth issue he argues that the trial court unconstitutionally denied him counsel and misapplied Article 64.01 in ways that deprived him of due process. *Id.*

### A. Applicable Law

Article 64.01(a-1) permits a "convicted person" to file a motion requesting the convicting court to allow "forensic DNA testing of evidence that has a reasonable likelihood of containing biological material." *Id*. art. 64.01(a-1). The motion may request retesting of evidence that was previously subject to DNA testing that can be subject to newer methods of testing that "provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." *Id.* art. 64.01(b)(2)(A). The motion must be accompanied by an affidavit by the convicted person that includes statements of fact in support of the motion. *Id.*

Once the motion is filed, the convicting court "shall (1) provide the attorney representing the state with a copy of the motion and require the attorney representing the state to take" one of several actions regarding the evidence at issue within sixty days. *Id.* art. 64.02. The record reflects that the clerk gave the State notice of the motion, but the trial court did not request a response from the State and the State did not file one. The record thus includes no information as to whether the evidence or previous samples are still available, have been maintained in a condition that would allow them to be re-

3

tested, or whether the chain of custody has been maintained. *Id*. art. 64.01(b).

## B. Standard of Review

Generally, an appellate court "employ[s] a bifurcated standard of review in [a] post-conviction DNA appeal." *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002); *Lopez v. State*, 114 S.W.3d 711, 716 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.). The reviewing court "afford[s] almost total deference to a trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review de novo other application-of-law-to-fact issues." *Rivera*, 89 S.W.3d at 59; *Baranowski v. State*, 176 S.W.3d 671, 674 (Tex. App.—Texarkana 2005, pet. ref'd); *Lopez*, 114 S.W.3d at 716. But when, as in this case, there was no evidentiary hearing, we review the issues de novo. *Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005); *see Weems v. State*, 550 S.W.3d 776, 779 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

## C. Denial of DNA Testing

Hendrick's multiple issues challenging the trial court's decision essentially state that because he met all of the requirements in Article 64.01, he is entitled to relief. The trial court's order stated that it denied the motion based upon "the motion, the clerk's file and the applicable law."

Article 64.03 provides that a convicting court may order forensic DNA testing only if the court finds that "the person would not have been convicted if exculpatory results had been obtained through DNA testing." TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A). Exculpatory results are those results excluding the convicted person as

4

the donor of the DNA material.   *State v. Swearingen*, 424 S.W.3d 32, 38 (Tex. Crim. App. 2014); *Blacklock v. State*, 235 S.W.3d 231, 232 (Tex. Crim. App. 2007).   This requires the convicted person to show that he, more likely than not, would not have been convicted if results of the requested testing exclude him.   *See LaRue v. State*, 518 S.W.3d 439, 445–46 (Tex. Crim. App. 2017); *Swearingen*, 424 S.W.3d at 39.

Hendrick submitted a copy of the 2012 DNA evidence report which was available before he pleaded guilty.   That report excluded him from persons who handled the gun that killed Shelley.   Further testing could not be more favorable.   As a result, the trial court's decision to deny DNA testing was not error because Hendrick did not make the required showing under Article 64.03(a)(2)(A).

We overrule Hendrick's issues one through three.

## D.   Denial of Appointed Counsel

By his fourth issue, Hendrick argues that the trial court deprived him of his constitutional right to counsel and misapplied Article 64.01.   *See* Tex Code Crim. Proc. Ann. art. 64.01(c).

Generally, a prisoner has no Sixth Amendment right to counsel when mounting a collateral attack on his conviction.   *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Similarly, the Texas Constitution provides no right to counsel in a post-conviction collateral attack.   *Ex parte Mines*, 26 S.W.3d 910, 913 (Tex. Crim. App. 2000). Accordingly, a convicted person seeking post-conviction DNA testing under Chapter 64 has no right to counsel under the United States Constitution or the Texas Constitution. *See In re Beasley*, 107 S.W.3d 696, 697 (Tex. App.—Austin 2003, no pet.); *see also In*

5

*re King*, No. 03-17-00484-CR, 2018 WL 699326, at *1 (Tex. App.—Austin Feb. 1, 2018, no pet.) (mem. op., not designated for publication).

However, a convicted person seeking DNA testing is statutorily entitled to appointed counsel, but only if "the court finds reasonable grounds for the motion to be filed, and the court determines that the person is indigent." TEX. CODE CRIM. PROC. ANN. art. 64.01(c). "[R]easonable grounds" in this context means "biological evidence exists, that evidence is in a condition that it can be tested, that the identity of the perpetrator is or was an issue, and that this is the type of case in which exculpatory DNA results would make a difference." *Ex parte Gutierrez*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011) (affirming denial of counsel because a favorable DNA result would not affect the likelihood of conviction); *see Weems*, 550 S.W.3d at 781 (affirming trial court's refusal to appoint counsel where defendant did not show two of the four statutory preconditions). Because a finding that Hendrick was excluded from samples of DNA on the gun that killed Shelley already existed at the time of Hendrick's guilty plea, further testing would not exculpate Hendrick. Hendrick therefore had no reasonable grounds for further testing and no right to appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c).

In addition, Hendrick appears to argue that the lack of a hearing violated his right to due process. But "[n]othing in Article 64.03 requires a hearing of any sort concerning the trial court's determination of whether a defendant is entitled to DNA testing." *Rivera*, 89 S.W.3d at 58–59.

Hendrick's fourth issue is overruled.

### III.   CONCLUSION

We affirm the trial court's order.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
3rd day of July, 2019.