**Affirmed and Memorandum Opinion filed March 30, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00881-CR

**MONZELLE LAVAN STEPTOE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 58852-9**

## M E M O R A N D U M   O P I N I O N

Appellant Monzelle Lavan Steptoe appeals the trial court's order denying his fifth motion for post-conviction DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure.  *See* Tex. Code Crim. Proc. Ann. arts. 64.01-64.05. For the reasons below, we affirm.

### BACKGROUND

On January 22, 2010, a jury convicted Appellant of aggravated robbery and

aggravated kidnapping.  This court affirmed the judgment in *Steptoe v. State*, No. 14-10-00131-CR, 2011 WL 61854 (Tex. App.—Houston [14th Dist.] Jan. 6, 2011, pet. ref'd) (mem. op., not designated for publication).  The background facts, as previously detailed by this court, are as follows:

> On the evening of December 13, 2008, the complainant, Charlene Reed, drove to her local Kroger store.  As she drove into the parking lot, she saw a man standing outside Kroger.  She pulled into a parking space, removed her keys from the ignition and began to get out of her van.  She saw someone quickly approaching out of the comer of her eye, realized he was not approaching in a normal manner, and closed the van door and locked it.  The man walked up to the driver's side window, pressed a gun to the window, and said, "Open the door or I'll shoot you.  Open the door."  [Complainant] described the gun as black with a square barrel.  Thinking she could pacify the man by giving him her car, [Complainant] opened the door to let him in.  He got into her van and told her to move to the passenger seat.  He asked for her purse, which was behind the seat.  She brought the purse forward and put it in the front seat.  He told her to start the car, which she did.  During the entire time he held the gun to her head and told her, "Don't you move.  Stay right there."
>
> [Complainant] testified that she believed the gun was real and believed she was going to be shot.  Because she feared for her life, [Complainant] fled the van.  She testified that, "if I was going to get shot, then I wanted to get shot there at Kroger and die there at Kroger so at least my family would be able to find me."  [Complainant] was unable to escape the van because the man held on to her arm and struck her with the gun as she attempted to flee.  As he pulled her back into the van, [Complainant] pushed the panic button in the van, which drew bystanders toward them.  When the bystanders began moving toward the van, the man ran away.
>
> Police officers traced the man's cellular telephone he left behind, and eventually arrested appellant.  Appellant gave a statement to police in which he admitted that as he was walking home on the night of December 13, 2008, he walked through the Kroger parking lot.  On his way to Kroger he passed a McDonald's and saw several children's toys.  He picked up a water gun and decided he "needed a ride home."  Appellant stated that, "all I wanted was a car and not to rape nor harm

2

anyone whatsoever." He said he never asked "the woman for anything but her keys and she scared me when she went to screaming. So, I hit her a couple of times and ran away." He stated, "All I wanted was her car to get home out of the cold weather."

In *Steptoe v. State*, No. 14-15-00538-CR, 2016 WL 316399 (Tex. App.—Houston [14th Dist.] Jan. 26, 2016, no pet.) (mem. op., not designated for publication), we considered Appellant's appeal from the trial court's denial of his fourth motion for DNA testing and appointment of counsel. In his motion, Appellant sought DNA testing of swabs taken from the cell phone found at the scene. *Id*. at *1. We affirmed the trial court's denial of Appellant's motion. *Id*. at *3.

In September 2019, Appellant filed his fifth motion for DNA testing and the appointment of counsel. In his motion, Appellant again requested DNA testing of the swabs taken from the cell phone found at the scene. The trial court denied Appellant's motion in an order signed October 7, 2019. Appellant timely appealed.

ANALYSIS

Representing himself pro se, Appellant asserts the trial court erred by denying his fifth motion for DNA testing and the appointment of counsel. Appellant also raises several other issues stemming from the underlying trial proceedings.

## I.    Chapter 64 DNA Testing

Chapter 64 of the Texas Code of Criminal Procedure permits a convicted person to "submit to the convicting court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material." Tex. Code Crim. Proc. Ann. art. 64.01(a-1). A chapter 64 motion requests testing of evidence that was "secured in relation to the offense that is the basis of the

3

challenged conviction and was in the possession of the State during the trial" but either was not previously tested or, although previously tested, can be tested with newer techniques that would provide more "accurate and probative" results. *See id*. art. 64.01(b); *see also Holberg v. State*, 425 S.W.3d 282, 284 (Tex. Crim. App. 2014). The convicting court may order DNA testing if (1) the evidence still exists and is in a condition making DNA testing possible; (2) the evidence has been subject to a chain of custody and there is a reasonable likelihood the evidence contains biological material suitable for DNA testing; and (3) identity was or is an issue in the case. Tex. Code. Crim. Proc. Ann. art. 64.03(a)(1). The movant also must show by a preponderance of the evidence that he "would not have been convicted if exculpatory results had been obtained through DNA testing" and the request for DNA testing "is not made to unreasonably delay the execution of sentence." *Id*. art. 64.03(a)(2).

In response to Appellant's chapter 64 request for DNA testing, the State argues that, under the "law of the case" doctrine, our prior resolution of Appellant's claim is binding in this appeal. The law of the case doctrine provides that an appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue. *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014). "In other words, when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution." *Id*.

In *Swearingen*, the Court of Criminal Appeals applied the law of the case doctrine in circumstances similar to those presented here. *Id*. at 32. There, the defendant sought DNA testing on several pieces of evidence, including the ligature used to strangle the victim, the victim's clothes, and cigarette butts. *Id*. at 35-36. But the defendant previously had sought DNA testing of this evidence and, in an

4

earlier appeal, the Court of Criminal Appeals sustained the trial court's denial of the motion on the basis that the defendant "had not met his burden of proof as to the existence of biological material." *Id*. at 36, 38. Concluding that "the law of the case doctrine controls," the court held the defendant was not entitled to DNA testing of the evidence. *Id*. at 37-38.

Likewise here, the law of the case doctrine controls our disposition of Appellant's appeal. In our decision affirming the denial of Appellant's fourth motion for DNA testing, we concluded Appellant could not satisfy the requirements of chapter 64 and was not entitled to DNA testing of the swabs taken from the cell phone. *See Steptoe*, 2016 WL 316399, at *3. Specifically, we held that Appellant could not show identity was an issue in the underlying proceeding because he "admitted that he pointed a gun at the complainant, hit the complainant with the gun, and attempted to take her vehicle." *Id*.

In his fifth motion for DNA testing, Appellant raises the same issue and again seeks DNA testing of the swabs taken from the cell phone. Appellant does not assert that any intervening developments or other factors warrant revisiting our prior determination of this issue. Because our previous disposition of this issue is binding under the law of the case doctrine, we affirm the trial court's order denying Appellant's fifth motion for DNA testing. *See Swearingen*, 424 S.W.3d at 35-38; *see also Phillips v. State*, No. 02-16-00049-CR, 2016 WL 6519118, at *1-3 (Tex. App.—Fort Worth Nov. 3, 2016, no pet.) (mem. op., not designated for publication) (where the appellate court previously held that "identity was not an issue in this case," the law of the case doctrine precluded reconsideration of issues raised in the appellant's third motion for DNA testing).

We overrule Appellant's challenge regarding the trial court's denial of his chapter 64 motion for DNA testing.

## II.	Appointment of Counsel

Appellant also contends he was entitled to appointment of counsel for purposes of filing a post-conviction motion for DNA testing.

The entitlement to court-appointed counsel in this context is conditioned on the trial court finding, in relevant part, that reasonable grounds exist for filing the motion for post-conviction DNA testing.  *See* Tex. Code Crim. Proc. Ann. art. 64.01(c); *see also Weems v. State*, 550 S.W.3d 776, 781 (Tex. App.—Houston [14th Dist.] 2018, no pet.).  This finding is reviewed under an abuse of discretion standard.  *See In re Marshall*, 577 S.W.3d 581, 583 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam).

As we discussed above, Appellant's fifth motion for DNA testing raised issues this court previously considered and rejected.  *See Steptoe*, 2016 WL 316399, at *2-3.  Accordingly, the trial court did not err by denying Appellant's request for counsel with respect to this motion.

We overrule Appellant's challenge regarding his request for appointment of counsel.

## III.	Remaining Issues

Appellant raises several other issues with respect to the underlying proceedings, including challenges regarding whether (1) his phone was recovered through an illegal search and seizure; (2) the investigating detective "confessed" there was a possibility Appellant's phone could have been at the scene before the incident took place; (3) he received certain required warnings before his custodial interrogation; (4) he was coerced to write a written statement; (5) the prosecutor used perjured testimony at trial; and (6) the reporter's record of the underlying proceedings had "been altered."

Chapter 64 is a narrow procedural vehicle authorizing DNA testing in cases in which the applicant meets the requirements of the statute. *See* Tex. Code Crim. Proc. Ann. art. 64.03. In an appeal from the trial court's denial of a request for DNA testing, we may not consider claims that fall outside the scope of chapter 64. *See Weems*, 550 S.W.3d at 781. A chapter 64 appeal "is not an invitation to review every potential error in the underlying trial proceedings" nor does it "confer jurisdiction on an appellate court to consider collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing appeal, anything beyond the scope of these articles." *Id*.

Because Appellant's remaining issues are outside the scope of chapter 64, we do not have jurisdiction under chapter 64 to consider these issues. *See id*. We overrule Appellant's remaining issues challenging the underlying proceedings.

## CONCLUSION

We affirm the trial court's October 7, 2019 order denying Appellant's motion for DNA testing and the appointment of counsel.

/s/    Meagan Hassan
        Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).