

# IN THE
# TENTH COURT OF APPEALS

No. 10-19-00287-CR

**BENJAMIN ALAN MORRISON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2010-997-C1**

## MEMORANDUM  OPINION

Appellant Benjamin Alan Morrison appeals the trial court's denial of his Motion

for Forensic DNA Testing.[1]  We will affirm.

---

[1] Morrison's Notice of Appeal indicates that he is also appealing the trial court's denial of his request for appointment of counsel.  However, Morrison's brief does not list this as an issue, nor does he cite any legal authority or provide any analysis supporting this proposition.  Consequently, Morrison has waived this argument.  *See* TEX. R. APP. P. 38.1(f), (h), (i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (quoting *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (appellate court has no obligation to construct and compose party's "issues, facts, and arguments with appropriate citations to authorities and to the record")).

Morrison entered pleas of *nolo contendere* to ten counts of aggravated sexual assault of a child, all involving victim M.C. The State dismissed a charge of continuous sexual abuse involving the same child. The trial court sentenced Morrison to a term of forty years' incarceration in the Texas Department of Criminal Justice-Correctional Institutions Division on each count, to be served concurrently. The indictment charged that the offenses occurred between on or about January 1, 2005 and January 1, 2006. Morrison's *pro se* direct appeal was dismissed as untimely. *See Morrison v. State*, No. 10-11-00157-CR, 2011 WL 2937452, at *1 (Tex. App.—Waco June 29, 2011, no pet.) (mem. op., not designated for publication).

In his Motion for Forensic DNA Testing filed with the trial court, Morrison asserts that he was not afforded the option for DNA testing during the trial process to prove his innocence. In the memorandum of law and fact supporting his motion, Morrison notes that no biological material was tested. In its findings of fact and conclusions of law, the trial court found that Morrison failed to prove by a preponderance of the evidence that (1) there was a reasonable likelihood that the evidence contained biological material suitable for DNA testing; and (2) he could not have been convicted if exculpatory results were obtained through DNA testing.

When analyzing whether a trial court properly denied a motion for DNA testing, we apply a bifurcated standard of review. *Dunning v. State*, 572 S.W.3d 685, 692 (Tex. Crim. App. 2019). Almost total deference is given to the trial court's "resolution of historical facts and mixed questions that turn on credibility and demeanor, but we review *de novo* mixed questions that do not turn on credibility and demeanor and

questions of law." *Id.* (citing *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002)). When there is no evidentiary hearing, as in this case, we review the issues *de novo*. *See also Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005); *Weems v. State*, 550 S.W.3d 776, 779 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

A plea of guilty or *nolo contendere* does not automatically preclude a convicted individual from requesting DNA testing. *See Dunning*, 572 S.W.3d at 694-95; TEX. CRIM. PROC. CODE ANN. art. 64.03(b).[2] An applicant is not required to prove actual innocence, but he must show, by a preponderance of the evidence, that had the results of the DNA test been available he would not have been convicted. *Holberg v. State*, 425 S.W.3d 282, 288 (Tex. Crim. App. 2014). However, a guilty plea is typically strong evidence supporting a non-favorable article 64.04 finding because "[c]onvicting courts should . . . give great respect to knowing, voluntary, and intelligent pleas of guilty." *Dunning*, 572 S.W.3d at 694 (footnote omitted) (quoting *Ex parte Tuley*, 109 S.W.3d 388, 391 (Tex. Crim. App. 2002)). While a guilty plea does not preclude a favorable finding under article 64.04, if there is no reason to believe that a defendant's plea was inaccurate or unreliable, the plea should be given great weight. *Id.* at 694-95. In this case, there is nothing to indicate that Morrison's plea was other than "knowing, voluntary, and intelligent." *Id.*[3]

---

[2] Because the legal effect of a plea of *nolo contendere* is identical to that of a guilty plea, we discuss both types of pleas hereinafter under the generic category of "guilty pleas." *See* TEX. CRIM. PROC. CODE ANN. art. 27.02(5); *Young v. State,* 8 S.W.3d 656, 664 (Tex. Crim. App. 2000) (*nolo* plea has same legal effect as guilty plea).

[3] Morrison includes allegations in his brief that appear to challenge his guilty plea due to ineffective assistance of counsel and actual innocence. However, such issues were raised in various habeas actions

Even assuming that Morrison's pleas of *nolo contendere* are not an impediment to his request for DNA testing, he has failed to otherwise satisfy the statutory requirements that would entitle him to such relief.

Chapter 64 of the Code of Criminal Procedure governs a convicted person's request for post-conviction DNA testing and contains multiple threshold requirements that must be met before an applicant is entitled to such testing. *See, e.g.*, TEX. CRIM. PROC. CODE ANN. arts. 64.01-64.05. The convicted person bears the burden of satisfying all article 64.01 and 64.03 requirements. *Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006); *see also Weems*, 550 S.W.3d at 780 ("A convicting court may order forensic DNA testing only if the statutory preconditions of Chapter 64 are met.").

Article 64.01(a-1) provides: "A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material. The motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion." TEX. CRIM. PROC. CODE ANN. art. 64.01(a-1). "Biological material" means "an item that is in possession of the state and that contains blood, semen, hair, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids, or other identifiable biological evidence that may be suitable for forensic DNA testing . . . ." *Id*. art. 64.01(a)(1). Before it may

---

filed by Morrison that were either dismissed or denied by the Court of Criminal Appeals without written order. *See Ex parte Benjamin Alan Morrison*, WR-76,035-01 (Tex. Crim. App. July 20, 2011) (dismissed due to pending appeal); *Ex parte Benjamin Alan Morrison*, No. WR-76,035-02 (Tex. Crim. App. Sept. 12, 2012) (denied without written order on trial court's findings without hearing); *Ex parte Benjamin Alan Morrison*, WR-76,035-03 (Tex. Crim. App. Sept. 4, 2019) (dismissed without written order). Morrison filed an additional habeas action while this appeal was pending that was also dismissed without written order. *See Ex parte Benjamin Alan Morrison*, No. WR-76,035-04 (Tex. Crim. App. Oct. 14, 2020).

grant post-conviction DNA testing, the court must find that the evidence in question "still exists and is in a condition making DNA testing possible," that it "has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect," that "there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing," and that "identity was or is an issue in the case." *Id*. art. 64.03(a)(1).

As noted, the trial court made a finding that Morrison had failed to prove that there was a reasonable likelihood that the evidence contained biological material suitable for DNA testing. Morrison's affidavit in support of his motion for forensic testing identifies no evidence that would be suitable for DNA testing. In his brief to this Court, Morrison notes:

> Plaintiff is Convicted of Aggravated Sexual Assault of said victims [M.C.] and [K.C.]. The [K.C.] case was ran unadjudicated with current offense. Additionally there was never any grand jury proceedings for the [K.C.] case. It is believed that there was in fact a rape kit performed on [K.C.] and UNKNOWN if there was ever a rape kit or DR examination done on [M.C.].

Even if Morrison had presented this argument to the trial court, it is insufficient to meet the requirements of article 64.01.

Finally, the offenses to which Morrison entered pleas of *nolo contendere* occurred on or about January 1, 2005 through January 1, 2006. Morrison was not indicted until August 4, 2010, long after the offenses had occurred. The Notice of Intention to Use Child Abuse Victim's Statements filed by the State on February 2, 2011 notes that the

child victim first revealed Morrison's abuse between November 2009 and January 2010. Any DNA collected at that time would not have been either inculpatory or exculpatory.

After a *de novo* review of the record, we conclude that the trial court did not abuse its discretion in denying Morrison's Motion for Forensic DNA Testing. We overrule Morrison's sole issue and affirm the trial court's judgment.[4]

MATT JOHNSON
Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
(Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed November 10, 2021
Do not publish
[CR25]



---

[4] Morrison has also filed a document entitled "Judicial Notice of Adjudicative Facts Pursuant to Motion 64.01 Forensic DNA Evidence." Morrison requests that this Court take judicial notice that he was not indicted for a "TSTC Arrest" for sexual assault. This has no bearing on Morrison's appeal, and his motion is denied.