# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00252-CR

**Charles Raymond Lee, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 277TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 03-798-K277, THE HONORABLE STACEY MATHEWS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Charles Raymond Lee, Jr., proceeding pro se, has filed a notice of appeal from the district court's order denying his motion for post-conviction DNA testing. In two issues on appeal, Lee asserts that the district court erred in denying his motion and that the statute authorizing DNA testing, Chapter 64 of the Texas Code of Criminal Procedure, is unconstitutional as applied to him. We will affirm the district court's order.

## BACKGROUND

In 2005, a jury found appellant Charles Raymond Lee, Jr., guilty of two counts of aggravated sexual assault, both involving the same victim, and assessed a term of life imprisonment for each count. On appeal, Lee's court-appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and this Court affirmed Lee's conviction. *See Lee v. State*, No. 03-05-00211-CR, 2006 WL 1358457, at *1 (Tex. App.—Austin May 19, 2006, no

pet.). Since then, Lee has filed multiple motions for post-conviction DNA testing that the district court has denied. *See, e.g.*, *Lee v. State*, No. 03-16-00683-CR, 2016 WL 6677933, at *1 (Tex. App.—Austin Nov. 9, 2016, no pet.) (mem. op., not designated for publication); *In re Lee*, No. 03-10-00750-CR, 2011 WL 3518143, at *1–2 (Tex. App.—Austin Aug. 11, 2011, pet. ref'd) (mem. op., not designated for publication); *In re Lee*, No. 03-09-00662-CR, 2010 WL 1930136, at *1–2 (Tex. App.—Austin May 14, 2010, no pet.) (mem. op., not designated for publication).

In his latest motion, Lee sought to have tested four cotton swabs that were used to collect his saliva during the investigation into the sexual assault. He claimed that his saliva was obtained as the result of an illegal search and seizure, which would be established by the different colors of the swabs, two of which were yellow and two of which were white. Lee argued that the different colors of the swabs would show that his saliva was collected using different search warrants, at least one of which, he asserted, was invalid. And if the illegality of two of the swabs was shown, Lee continued, then all four swabs should have been suppressed as "fruit of the poisonous tree" because all four swabs were submitted for testing at the same time.

The district court denied the motion for DNA testing and made the following findings:

1. Petitioner has failed to provide the necessary affidavit required for the Court to consider a Tex. Code Crim. Proc. art. 64 request. *See* Tex. Code Crim. Proc. art. 64.01(a-1).

2. Identity as the perpetrator of the sexual assault is not at issue in the case. *See* Tex. Code Crim. Proc. art. 64.03(a)(1)(B).

3. Petitioner has failed to establish that he would not have been convicted of the offense of sexual assault as alleged in counts one and two of the indictment, even if exculpatory results could be obtained through DNA

2

testing in this case. *See* Tex. Code Crim. Proc. art. 64.03(a)(2)(A).

4. For the same reasons, this Court finds that there are not reasonable grounds for forensic testing under Chapter 64 or to appoint counsel to assist the Petitioner in pursuing such a motion. *See* Tex. Code Crim. Proc. art. 64.01(c).

This appeal followed.

## STANDARD AND SCOPE OF REVIEW

Chapter 64 of the Code of Criminal Procedure authorizes post-conviction forensic DNA testing only if certain statutory requirements are met. *See* Tex. Code Crim. Proc. arts. 64.01, .03; *see also Swearingen v. State*, 303 S.W.3d 728, 731 (Tex. Crim. App. 2010) ("Chapter 64 requires multiple threshold criteria to be met before a convicted person is entitled to DNA testing."). These requirements include that "identity was or is an issue in the case," *see* Tex. Code Crim. Proc. art. 64.03(a)(1)(C), and that the convicted person "establish by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing," *id*. art. 64.03(a)(2)(A). A "preponderance of the evidence" means "a greater than 50% likelihood" that appellant "would not have been convicted had any exculpatory results generated by the proposed testing been available at the time of [his] trial." *Holberg v. State*, 425 S.W.3d 282, 287 (Tex. Crim. App. 2014). "Exculpatory results" mean results "excluding [the convicted person] as the donor" of the DNA material. *Id*. Thus, "the appellant must show that, more likely than not, [he] would not have been convicted had the jury been able to weigh evidence that [he] did not deposit biological material on the [tested items] against the balance of the evidence presented at trial." *Id*.

3

Additionally, "chapter 64 is not an invitation to review every potential error in the underlying trial proceedings; instead, it is simply a procedural vehicle for obtaining evidence 'which might then be used in a state or federal habeas proceeding.'" *In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.) (quoting *Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005)). "Accordingly, chapter 64 does not confer jurisdiction on an appellate court to consider 'collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing appeal, anything beyond the scope of those articles.'" *Id*. (quoting *Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd)).

When reviewing trial court rulings on motions for DNA testing, we "defer to the trial court's determination of issues of historical fact and application of law to fact issues that turn on the credibility and demeanor of the witnesses." *Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005); *see Weems v. State*, 550 S.W.3d 776, 779 (Tex. App.—Houston [14th Dist.] 2018, no pet.). However, where, as here, there has been no hearing and no witnesses, "the trial court is in no better position" than the appellate court to decide the issues, and our review is de novo. *See Smith*, 165 S.W.3d at 363; *Weems*, 550 S.W.3d at 779.

## DISCUSSION

### Denial of motion

In his first issue, Lee asserts that the district court erred in denying his motion. He focuses specifically on the identity requirement and claims that identity was an issue in the case. "The identity requirement in Chapter 64 relates to the issue of identity as it pertains to the DNA evidence." *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008). "Therefore, if

4

DNA testing would not determine the identity of the person who committed the offense or would not exculpate the accused, then the requirement of Article 64.03(a)(2)(A) has not been met." *Id*.

This Court summarized the facts of Lee's case in a previous opinion addressing a similar motion for DNA testing in which Lee sought to test swabs taken of the complainant's skin for the presence of saliva:

> At Lee's trial, the complainant testified that a man with a bandanna covering his face entered her apartment through a sliding glass door and sexually assaulted her at gunpoint. The man penetrated her sexual organ with his penis (count one) and contacted her sexual organ with his mouth (count two). Following the assault, the man forced the complainant to take a shower in an apparent effort to eliminate biological evidence. Nevertheless, semen was recovered from the complainant during the sexual assault examination, and DNA testing indicated that the semen was appellant's. Appellant, who represented himself at the trial, told the jury in both his opening statement and closing argument that he had consensual sexual intercourse with the complainant. He denied having oral sex.

*Lee*, 2011 WL 3518143, at *1. This Court went on to explain that the district court did not err in denying Lee's motion for DNA testing:

> Given the results of the DNA testing that was performed and appellant's own admissions during the trial, there is no issue as to appellant's identity as the man who penetrated the complainant with his penis as alleged in count one. An absence of saliva on the swabs would not be exculpatory as to the oral sex count because the attacker would not necessarily have left saliva on the complainant's body and because the complainant was forced to shower after the assault. The record supports the district court's findings that identity was not an issue and that appellant failed to show that he would not have been convicted on count two if exculpatory results had been obtained through DNA testing.

*Id*.

We similarly conclude here that Lee has failed to show his entitlement to DNA testing of the swabs containing his saliva. He has not shown how testing of those swabs would

5

either determine the identity of the person who sexually assaulted the victim or would exculpate him of sexually assaulting her. Instead, he asserts that testing of the swabs would reveal various errors and constitutional violations that he claims occurred during his case, including perjury committed by a witness for the State, an illegal search and seizure of his saliva, and a violation of the State's requirement to disclose exculpatory evidence, *see Brady v. Maryland*, 373 U.S. 83 (1963). However, these complaints constitute collateral attacks on Lee's judgment of conviction, which are beyond the scope of a Chapter 64 proceeding and thus do not constitute permissible grounds for granting Lee's motion for DNA testing. *See Swearingen*, 303 S.W.3d at 736; *Weems*, 550 S.W.3d at 781; *Garcia*, 363 S.W.3d at 822; *Reger*, 222 S.W.3d at 513-14. On this record, we cannot conclude that the district court erred in denying Lee's motion for DNA testing.

We overrule Lee's first issue.

**Constitutionality of Chapter 64's identity requirement**

In his second issue, Lee asserts that Chapter 64's requirement that identity be an issue in the case is unconstitutional as applied to him. He contends that as a matter of due process and "fundamental fairness," he should be entitled to DNA testing even if identity was not an issue in his case.

Lee is raising this complaint for the first time on appeal. He did not present this issue to the district court in his motion for DNA testing and thus the district court did not have an opportunity to rule on it. Accordingly, Lee failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1(a)(1)(A); *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014); *Cooper v. State*, ___ S.W.3d ___, 2023 WL 4242821, at *16-17 (Tex. App.—Fort Worth 2023, no pet. h.); *Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.—Houston [1st Dist.] 2005, no pet.);

6

*see also In re Robertson*, No. 03-19-00282-CR, 2021 WL 1312589, at *7 (Tex. App.—Austin Apr. 8, 2021, no pet.) (mem. op., not designated for publication) (concluding that appellant failed to preserve similar complaint regarding identity requirement).

We overrule Lee's second issue.

## CONCLUSION

We affirm the district court's order denying Lee's motion for DNA testing.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Theofanis

Affirmed

Filed: July 31, 2023

Do Not Publish