

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00296-CR

---

ANTHONY SCOTT BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 30,831-A-DNA, Honorable Dee Johnson, Presiding

---

April 28, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Proceeding pro se and *in forma pauperis*, Appellant, Anthony Scott Brown, presents a sole issue maintaining the trial court abused its discretion in denying his motion for DNA testing filed pursuant to chapter 64 of the Texas Code of Criminal Procedure.[1] We affirm.

---

[1] As noted *infra*, abuse of discretion is not the standard for reviewing the denial of a motion for DNA testing.

BACKGROUND

In August 2020, a DPS Trooper driving behind a pickup with "a bunch of stuff" in the bed ran a check on the license plate. He discovered the pickup had been reported stolen from Midland. The trooper stopped the pickup at a convenience store. Appellant was the driver,[2] and he was accompanied by a female passenger. He claimed he had recently purchased the pickup and produced a handwritten bill of sale with a purchase price of $1,000 dated two days after it had been reported stolen. He did not, however, have title to the pickup. After the trooper confirmed the pickup was still reported stolen, he arrested Appellant for unauthorized use of a motor vehicle, and the female passenger was released. At the time of his arrest, Appellant possessed $2,500 in cash.

The pickup was impounded and per DPS policy, an inventory search was conducted. The search revealed a small blue plastic container near the driver's side door handle with over eleven grams of methamphetamine inside. Drug paraphernalia was also found scattered inside the pickup.[3] Although Appellant was initially arrested for unauthorized use of a motor vehicle, he was indicted for manufacture or delivery of methamphetamine.

At trial, the trooper testified to the events leading to the discovery of the methamphetamine and drug paraphernalia and Appellant's subsequent arrest. A forensic chemist confirmed the weight of the methamphetamine.

During the defense's case-in-chief, the trooper was recalled. He conceded the female passenger could have "planted" the blue container in the driver's side armrest and

---

[2] Testimony and documentary evidence showed Appellant has an extensive criminal history.

[3] Some of the paraphernalia was found in a backpack which Appellant claimed was left behind by the female passenger.

that one of the syringes could have belonged to her. He testified no usable fingerprints were taken from the items found.

Appellant testified in his own defense and the evidence was later re-opened to allow him to testify twice more to offer his version of events. He denied any knowledge, ownership, possession, or control of the methamphetamine and drug paraphernalia. He admitted using drugs in the past but placed the blame for the contraband found in the pickup on his female passenger.

The jury rejected his claims of innocence and convicted him of manufacture or delivery of methamphetamine in an amount of four grams or more but less than 200, enhanced by two prior felony convictions.[4] His punishment was assessed at confinement for seventy-five years. This Court affirmed the conviction. *See Brown v. State*, No. 07-22-00107-CR, 2023 Tex. App. LEXIS 1028 (Tex. App.—Amarillo Feb. 16, 2023, no pet.) (mem. op., not designated for publication).

On April 9, 2024, Appellant filed a verified pro se motion for DNA testing. He asserted forensic DNA material existed and requested testing to determine ownership of the evidence. He maintained testing would establish a greater than fifty-one percent chance he would not have been convicted as the evidence would be exculpatory in nature. He alleged testing would show the female passenger owned the contraband making identity of the actual perpetrator of the offense an issue in the case. Finally, Appellant asserted his request for testing was not made to unreasonably delay execution of his sentence or the administration of justice.

---

[4] TEX. HEALTH & SAFETY CODE ANN. § 481.112(d); TEX. PENAL CODE ANN. § 12.42(d).

By its response to the motion, the State argued identity was not an issue in the case. It maintained Appellant was seeking DNA testing solely to support his version of events that he had no knowledge or possession of the contraband and not to establish the identity of another. The State further argued Appellant failed to establish by a preponderance of the evidence he would not have been convicted if exculpatory results had been obtained through DNA testing.

On August 21, 2024, the trial court, without holding a hearing,[5] denied the motion and made the following findings:[6]

- Identity was not an issue in Movant's conviction for possession of a controlled substance with intent to deliver . . . ;

- Movant has failed to establish by a preponderance of the evidence that he would not have been convicted even if exculpatory results had been obtained through DNA testing; and

- Movant has failed to show reasonable grounds for the filing of this motion so he is not entitled to appointed counsel.

### STANDARD OF REVIEW

Appellate review of a trial court's denial of a motion for post-conviction DNA testing is reviewed under a bifurcated standard. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We afford almost total deference to a trial court's determination of issues of

---

[5] Under the circumstances present here, the trial court was not required to hold a hearing. *But see* TEX. CODE CRIM. PROC. ANN. art. 64.04 (requiring a hearing after testing for a trial court to find whether it was reasonably probable inmate would not have been convicted).

[6] Appellant complains of the trial court's failure to make findings of fact and conclusions of law despite his request and notice of past due findings. Although his request is not contained in the clerk's record, he did include a copy of the document in the appendix to his brief. The document is file-stamped October 31, 2024, well outside the twenty-day deadline from the August 21 order for requesting findings and conclusions. TEX. R. CIV. P. 296, 297. Thus, the trial court was not required to make any findings.

4

historical fact and application-of-law-to-fact issues that turn on credibility and demeanor and review de novo other application-of-law-to-fact issues. *Id.*

To obtain post-conviction DNA testing, a convicted person must establish all the requirements of chapter 64. *Swearingen v. State*, 303 S.W.3d 728, 731 (Tex. Crim. App. 2010). Before a trial court may order forensic DNA testing under chapter 64, the evidence must show identity was an issue in the case. TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(C). The convicted person must also show by a preponderance of the evidence he would not have been convicted if exculpatory results had been obtained through DNA testing and the request for DNA testing was not made to unreasonably delay execution of a sentence or administration of justice. *Id.* at (a)(2)(A), (B). "A 'favorable' DNA test result must be the sort of evidence that would affirmatively cast doubt upon the validity of the inmate's conviction; otherwise, DNA testing would simply 'muddy the waters.'" *Ex parte Gutierrez*, 337 S.W.3d 883, 892 (Tex. Crim. App. 2011). If DNA testing would not show by a preponderance of the evidence the inmate would not have been convicted, then there is no reason for a court to order DNA testing. *Prible v. State*, 245 S.W.3d 466, 469–70 (Tex. Crim. App. 2008).

Whether identity is an issue in a case is determined by analyzing whether (1) the offense is the type for which DNA results would indicate the identity of a culpable party and (2) the material subject to DNA testing was collected in a manner and from a location that would allow a conclusion that the source of the DNA was the true perpetrator. *Pegues v. State*, 518 S.W.3d 529, 535 (Tex. App.—Houston [1st Dist.] 2017, no pet.). Identity is not an issue in a case if DNA testing could not determine who committed the

5

offense or exculpate the person convicted. *Prible*, 245 S.W.3d at 470; *Pegues*, 518 S.W.3d at 535.

Whether the DNA of another would establish a greater than fifty percent chance the defendant would not have been convicted depends on the circumstances of the case. *Hall v. State*, 569 S.W.3d 646, 656 (Tex. Crim. App. 2019). The presence of another's DNA may not have any tendency to exonerate the convicted person of the offense. *Id.* Even when another's DNA may tend to be exonerating, the convicted person's burden will not be satisfied "if the record contains other substantial evidence of guilt independent of that for which the movant seeks DNA testing."[7] *Swearingen*, 303 S.W.3d at 736. When the presence of another's DNA is so strongly exonerating, the convicted person's burden is satisfied despite the existence of other substantial inculpatory evidence. *Esparza v. State*, 282 S.W.3d 913, 922 (Tex. Crim. App. 2009).

Appellant's request for testing involved touch DNA. The Court of Criminal Appeals has acknowledged the "special problems" posed with touch DNA—"epithelial cells are ubiquitous on handled materials," because "there is an uncertain connection between the DNA profile identified from the epithelial cells and the person who deposited them," and because "touch DNA analysis cannot determine when an epithelial cell was deposited." *Dunning v. State*, 572 S.W.3d 685, 693 (Tex. Crim. App. 2019).

---

[7] Items Appellant requested be tested included one syringe found in a cosmetic bag, a glass pipe found in an eyeglass case, a hair clip, a sock containing paraphernalia, the handles of the backpack, and another glass pipe.

6

Appellant maintains DNA testing will provide exculpatory results and expose the true perpetrator of the crime.[8] He challenges the trial court's finding that identity was not an issue in the case by asserting that confirmation of the female passenger's DNA would establish she possessed the contraband which led to his conviction. Just as he did during trial, on appeal, he maintains his innocence.

Appellant's insistence that testing certain items would have excluded him as the perpetrator and shown they belonged to the female passenger is problematic. As the Court in *Dunning* determined, "the significant possibility of [touch] DNA being deposited by an innocent person reduces the probative value of any [touch] DNA test result." *Id.* In *Dunning*, although DNA testing excluded the appellant as a major contributor, the Court nevertheless found he did not satisfy the requirements imposed under chapter 64. *Id. See Molish v. State*, No. 07-23-00053-CR, 2023 Tex. App. LEXIS 5627, at *5 (Tex. App.—Amarillo July 31, 2023, no pet.) (mem. op., not designated for publication) (citing *Flores v. State*, 491 S.W.3d 6, 10 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (noting that even if evidence implies another's presence, it does not exclude convicted person from having committed the offense or reasonably establish he would not have been convicted)).

By his motion, Appellant did not establish identity was an issue in the case. His arguments did not demonstrate DNA testing would have identified his female passenger

---

[8] Appellant argues what he believes is insufficiency of the evidence to support his conviction. He did not, however, raise a sufficiency challenge in his direct appeal, and the present appeal pertains only to the denial of his motion for DNA testing. Chapter 64 may not be used to mount a collateral attack on a conviction. *Weems v. State*, 550 S.W.3d 776, 781 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (recognizing issues related to the movant's conviction were beyond the scope of chapter 64).

as the person who committed the offense and exclude him as the perpetrator. Although the female passenger ruled out his exclusive possession of the place the contraband was found, there was inculpatory evidence to support his conviction. He had $2,500 cash on his person. Scales, baggies, syringes, and other paraphernalia were found in the common areas of the pickup and not inside the backpack. As the driver of the pickup, he was in close proximity to the door where the blue container which held methamphetamine was found. The logical force of these factors connected Appellant to the contraband and are indicia of knowing possession and intent to deliver. *Mixon v. State*, 481 S.W.3d 318, 323 (Tex. App.—Amarillo 2015, pet. ref'd).

Here, the presence of another's DNA would not have been "strongly exonerating" and there was substantial circumstantial evidence of Appellant's knowing possession with intent to deliver methamphetamine.[9] Appellant failed to satisfy the requirements of article 64.03. We conclude the trial court did not err in denying Appellant's motion for DNA testing. His issue is overruled.

## CONCLUSION

The trial court's *Order Denying Motion for DNA Testing* is affirmed.


Alex Yarbrough
Justice


Do not publish.

---

[9] Under chapter 64, a convicted person is entitled to appointed counsel only if the trial court finds reasonable grounds for a motion to be filed. *Id.* at art. 64.01(c).

8