# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00769-CR

**In re Manuel Garcia, Appellant**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT NO. 2007-242, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## O P I N I O N

Appellant Manuel Garcia pleaded guilty to sexual assault of a child. *See* Tex. Penal Code Ann. § 22.011(a)(2) (West 2011). He entered his plea pursuant to a plea agreement, and on April 1, 2008, following a punishment hearing, the trial court adjudged Garcia guilty and sentenced him to four years' imprisonment. After the trial court denied Garcia's post-conviction motion for forensic DNA testing, Garcia perfected his appeal under chapter 64 of the Texas Code of Criminal Procedure. However, on appeal, instead of presenting arguments related to the trial court's order denying DNA testing, he now challenges the trial court's judgment of conviction on grounds that he received ineffective assistance of counsel. Because we lack jurisdiction over Garcia's sole issue on appeal, we dismiss his appeal for want of jurisdiction.

## BACKGROUND

On August 20, 2010, Garcia filed a motion for forensic DNA testing of evidence containing biological material pursuant to chapter 64 of the Texas Code of Criminal Procedure (DNA-testing motion). *See* Tex. Code Crim. Proc. Ann. arts. 64.01-.05 (West 2006 & Supp. 2011).

In his DNA-testing motion, Garcia argued that DNA was obtained from both him and the complainant but that the DNA was never tested. Garcia also asserted that he would not have been convicted in light of the DNA evidence that would be revealed upon testing. In a written response, the State contended that DNA samples had been obtained from both Garcia and the complainant and that the samples had been tested prior to Garcia's conviction. In support of its response, the State attached a serology/DNA report dated January 15, 2008, issued by the Texas Department of Public Safety (DPS report). According to the DPS report, the DNA profile from a swab taken from complainant's breast was determined to be consistent with the DNA profile obtained from a swab of Garcia's saliva.[1]

On September 15, 2010, the trial court denied Garcia's motion for DNA testing.[2] Further, the trial court denied Garcia's request for appointed counsel, concluding that Garcia "failed on all grounds to provide the Court with any reasonable basis for relief." *See id*. art. 64.01(c) (requiring trial court to appoint counsel for chapter 64 proceeding if it finds that convicted person is indigent and that there are reasonable grounds for motion to be filed). The trial court's written order references and attaches a copy of the DPS report.[3] This appeal followed.

---

[1] According to the DPS report, the probability of selecting an unrelated person at random who could be the source of the major component in this DNA profile is approximately 1 in 11.30 quadrillion for Hispanics.

[2] There is no indication from the record that a hearing on Garcia's DNA-testing motion was ever held before the trial court. However, chapter 64 does not require that a trial court hold an evidentiary hearing before ruling on a motion for DNA testing, and the trial court may consider information attached to the State's brief in issuing its ruling. *Ex parte Gutierrez*, 337 S.W.3d 883, 893 (Tex. Crim. App. 2011).

[3] The trial court's amended and corrected order denying relief under chapter 64, entered on October 20, 2011, also references and attaches a copy of a January 2008 letter from the State to Garcia's trial counsel, notifying him that the State intended to call a DPS staff member as an expert on DNA analysis.

**DISCUSSION**

*Issue presented*

Though Garcia has perfected this appeal pursuant to chapter 64, Garcia now argues only that this Court should reverse his conviction on grounds that he received ineffective assistance of counsel related to his plea of guilty. Specifically, Garcia argues that his decision to plead guilty was based on the erroneous advice of counsel concerning the sex-offender registration requirements and deportation consequences of his plea. Even liberally construing Garcia's brief before this Court, it contains no argument that the trial court erred in denying his DNA testing motion; Garcia has therefore abandoned any argument with respect to that motion. *See* Tex. R. App. P. 38.1, 38.9. Before deciding the merits of Garcia's ineffective assistance of counsel claim, we examine the threshold issue of whether we have jurisdiction to consider it.

*Jurisdiction*

Jurisdiction concerns the power of the court to hear and determine a case; it is fundamental and cannot be ignored by a court. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000). As an appellate court, we have the power to determine *sua sponte* the threshold issue of whether we have jurisdiction over the appeal. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002). If we determine that we lack jurisdiction, we have no power to dispose of the appeal other than to dismiss it for want of jurisdiction. *Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd).

In his notice of appeal to this Court, Garcia purports to perfect his appeal under chapter 64 of the code of criminal procedure. We first consider whether chapter 64 confers jurisdiction on

3

this Court to consider Garcia's ineffective assistance of counsel claims. Chapter 64 authorizes DNA testing in cases in which the applicant meets the requirements enumerated in the statute. Tex. Code Crim. Proc. Ann. art. 64.03 (West Supp. 2011). The statute also confers jurisdiction on this Court to review a trial court's order denying post-conviction DNA testing in any case in which the death penalty is not imposed. *Id*. art. 64.05 (West 2006); *see Reger*, 222 S.W.3d at 513. However, chapter 64 is not an invitation to review every potential error in the underlying trial proceedings; instead, it is simply a procedural vehicle for obtaining evidence "which might then be used in a state or federal habeas proceeding." *See Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005). Accordingly, chapter 64 does not confer jurisdiction on an appellate court to consider "collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing appeal, anything beyond the scope of those articles." *Reger*, 222 S.W.3d at 513. Because Garcia's claim that he was denied effective assistance of counsel is beyond the scope of chapter 64, we do not have jurisdiction under chapter 64 to consider the claim.

We next examine whether, independent of chapter 64, we have jurisdiction over Garcia's ineffective assistance of counsel claim. A claim of ineffective assistance of counsel may be raised on direct appeal, assuming the right to such appeal otherwise exists. *See Ex parte White,* 160 S.W.3d 46, 49 n.1 (Tex. Crim. App. 2004) (explaining that ineffective assistance of counsel claims can be raised on direct appeal). In this case, however, the trial court has certified that Garcia has no right to appeal his conviction because it was the result of a plea agreement. *See* Tex. R. App. P. 25.2(a)(2), (d). Further, any right Garcia may have had to perfect a direct appeal of his conviction expired in 2008. *See* Tex. R. App. P. 26.1 (notice of appeal due thirty days from date of judgment).

4

As a result, this Court lacks jurisdiction to review Garcia's ineffective assistance of counsel claim as a direct appeal.[4]

In summary, independent of chapter 64, we do not have jurisdiction over Garcia's ineffective assistance of counsel claim on direct appeal. In addition, chapter 64 does not confer jurisdiction over Garcia's ineffective assistance of counsel claim, which operates as a collateral attack on his judgment of conviction outside the scope of chapter 64. Therefore, we have no jurisdiction to consider Garcia's claim of ineffective assistance of counsel.

## CONCLUSION

Because Garcia has abandoned any claim that the trial court erred in denying his motion for DNA testing under chapter 64, and because we have no jurisdiction to consider Garcia's claim that he received ineffective assistance of counsel, we dismiss Garcia's appeal for want of jurisdiction.

_____

Diane M. Henson, Justice

---

[4] Though Garcia does not purport to bring this appeal as part of a post-conviction habeas corpus proceeding, we note that claims of ineffective assistance of counsel may be raised for the first time in such proceedings. *See Ex parte White,* 160 S.W.3d 46, 49 n.1 (Tex. Crim. App. 2004). However, article 11.07 of the code of criminal procedure vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). Courts of appeals have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07. *In re Briscoe*, 230 S.W.3d 196, 196-97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding).

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed:   February 29, 2012

Publish