

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00404-CR

Javon Donte **DUKES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR4694
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:      Karen Angelini, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  April 24, 2013

AFFIRMED

Javon Donte Dukes appeals the trial court's order denying his motion for post-conviction

forensic DNA testing.  We affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

In June 2009, seventeen-year-old A.V. and her mother contacted the Bexar County

Sheriff's Office to report a sexual assault.  In her statement to the investigating officer, A.V.

reported Dukes had raped her in March 2009.  She did not tell anyone at the time it happened

because she was "in shock" and did not feel she could tell her parents.  In June, A.V. discovered

she was pregnant and told her mother about the assault. A.V. and her mother went to a clinic, where the pregnancy was confirmed. That evening she reported the assault to the Sheriff's office. Several days later, A.V. had an abortion. A Sheriff's Department evidence technician retrieved from the medical clinic a sealed container holding the "product of conception" recovered during the abortion. The technician delivered the evidence to the Bexar County Criminal Investigation Laboratory. A.V. identified Dukes from a photo array and filed a formal complaint. Dukes was subsequently indicted for sexual assault.

The Sheriff's Department later obtained a buccal swab from Dukes. The Bexar County Criminal Investigation Laboratory conducted a Short Tandem Repeat DNA analysis on the two biological samples it had been provided. In a forensic DNA report dated November 16, 2010, the Bexar County Forensic Scientist Supervisor stated that Dukes is not excluded as the biological father of the product of conception and that his probability of paternity is greater than 99.9%.

Dukes entered into a plea bargain with the State, whereby he agreed to plead no contest in exchange for the State's sentencing recommendation to the court. As part of the agreement, Dukes signed a consent to stipulation of testimony and agreed to the admission of evidence, including A.V.'s statement and the DNA report. The trial court found Dukes guilty and sentenced him to nine years imprisonment and a $1,500 fine in accordance with the plea bargain. Dukes filed a pro se notice of appeal, but this court dismissed the appeal pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure. *Dukes v. State*, No. 04-11-00106-CR, 2011 WL 918398 (Tex. App.—San Antonio March 16, 2011, no pet.) (mem. op., not designated for publication). In May 2012, Dukes filed a pro se motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. The trial court denied the motion and Dukes filed a pro se notice of appeal.

**DISCUSSION**

Article 64.01 of the Texas Code of Criminal Procedure allows a convicted person to file a post-conviction motion for DNA testing of evidence containing biological material. TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1) (West Supp. 2012). The motion may request testing "only" of biological evidence obtained in connection with the case that was in the State's possession at the time of trial and which "was not previously subjected to DNA testing" or "although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." *Id.* art. 64.01(b). The motion must be accompanied by a sworn affidavit of facts in support of the motion. *Id.* art. 64.01(a-1).

When a proper motion is filed, the court must require a response from the State in accordance with article 64.02. *Id.* art. 64.02. The court may order DNA testing if the convicted person complies with article 64.01 and, among other things, the court finds identity is in issue in the case and the convicted person establishes by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *Id.* art. 64.03. The convicting court may not find that identity was not an issue in the case solely on the basis of a plea of guilty or no contest or because the person previously made a confession or admission in the case. *Id.* art. 64.03(b).

Dukes's motion sought an order for forensic testing of the DNA evidence in the case. Dukes's affidavit of facts in support of the motion alleged:

> (1) The State had, at the time of trial, biological material related to the offense that "was not previously subjected to DNA testing," through no fault of Dukes;
>
> (2) Dukes never had any sexual relations with A.V. and Dukes was incarcerated on the "on or about" date alleged in the indictment;
>
> (3) Identity is an issue in the case;

(4) Proper DNA testing will exclude Dukes as the donor of the "product of conception" and will be evidence that he did not commit sexual assault on A.V.; and

(5) Dukes would not have been prosecuted or convicted had exculpatory DNA results been obtained.

On appeal, Dukes argues the trial court erred because identity was an issue in the case, he is actually innocent of the offense, and he would not have been prosecuted or convicted had exculpatory DNA results been obtained. He also complains the trial court erred by failing to require a response to his motion from the State.

Dukes did not acknowledge in his article 64.01 motion, his affidavit of supporting facts, or in his appellant's brief that the biological material in this case was previously subjected to DNA testing. Nor has Dukes alleged at any time that the previously tested material can be subjected to testing with newer testing techniques that are reasonably likely to produce more accurate and probative results. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2). In his reply brief on appeal, Dukes asserts for the first time that the previous DNA results are "void" because the warrant authorizing obtaining a sample from him was flawed and because his attorney was not present "during the execution of the 'DNA' analysis." However, article 64.01 provides the exclusive grounds upon which testing or retesting may be sought. The alleged invalidity of the warrant or the failure to allow counsel to be present during the original testing are not grounds for seeking retesting of biological material under Chapter 64. "[C]hapter 64 is not an invitation to review every potential error in the underlying trial proceedings." *In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.). Accordingly, Chapter 64 does authorize this court to consider "collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing appeal, anything beyond the scope of those articles." *Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd); *Garcia*, 363 S.W.3d at 822.

A convicted person must do more than simply move for DNA testing; he must provide facts in support of the motion. TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1); *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002). The record establishes the biological material in this case was previously tested and the test results were admitted into evidence. When the convicted person seeks to retest evidence previously subjected to DNA testing, his motion and affidavit must allege facts to support the contentions that newer testing techniques are available and that it is reasonably likely that such techniques would yield more accurate and probative results. *Dinkins*, 84 S.W.3d at 642. Dukes failed to comply with this requirement of article 64.01. Accordingly, the convicting court did not err in denying Dukes's motion. *See id.*; *See also Simpson v. State*, No. 04-12-00114-CR, 2013 WL 351666, at *2 (Tex. App.—San Antonio Jan. 30, 2013, no pet.) (mem. op., not designated for publication) (holding article 64.01 motion to retest evidence was inadequate because motion did not allege more reliable testing procedures were available); *Flores v. State*, No. 04-09-00457-CR, 2010 WL 1904993, at 3-4 (Tex. App.—San Antonio May 12, 2010, pet. ref'd) (mem. op., not designated for publication) (holding appellant did not meet requirements of article 64.01 and Chapter 64 motion was properly denied because appellant did not allege or provide facts to show new testing techniques were available and would likely provide more accurate or probative results); *Solorzano v. State*, No. 05-03-01533-CR, 2004 WL 901896, at *2 (Tex. App.—Dallas April 8, 2004, no pet.) (mem. op., not designated for publication) (affirming denial of Chapter 64 motion because motion and affidavit that challenged DNA expert's trial testimony but that did not allege retesting with newer techniques could provide more accurate and probative results did not comply with article 64.01).

We further hold that because Dukes did not file a motion complying with the requirements of article 64.01, the court was not required to order a response from the State. Moreover, the State's failure to file a response did not result in any harm to Dukes.

We affirm the trial court's order.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH