

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00215-CR

**DAVID JAMES,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 12th District Court
Leon County, Texas
Trial Court No. 21,928**

## MEMORANDUM  OPINION

David James was convicted for the offense of aggravated sexual assault in June 2004 and punishment was assessed at 60 years confinement and a $10,000 fine. James appealed from that conviction, and the trial court's judgment was affirmed. James filed a Petition for DNA Testing, and the trial court dismissed that petition. We affirm.

The motion for DNA testing must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion. TEX. CODE

CRIM. PRO. ANN. § 64.001 (a-1) (West Supp. 2013). A convicting court may order forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in a condition making DNA testing possible; and

(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and

(B) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:

(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

TEX. CODE CRIM. PRO. ANN. § 64.03 (a) (West Supp. 2013). In reviewing the trial judge's Chapter 64 rulings, this Court usually gives "almost total deference" to the trial judge's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider de novo all other application-of-law-to-fact questions. *Ex parte Guiterrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011).

In his first issue, James complains that the trial court erred in failing to appoint counsel to represent him during these proceedings. An indigent convicted person intending to file a motion for post-conviction DNA testing has a limited right to

appointed counsel.  *Ex parte Guiterrez*, 337 S.W.3d at 889.  The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent.  TEX. CODE CRIM. PRO. ANN. § 64.01 (c) (West Supp. 2013).

The trial court found that there were no reasonable grounds for James's motion to be filed.  Guiding principles in determining whether there are "reasonable grounds" include: that biological evidence exists, that evidence is in a condition that it can be tested, that the identity of the perpetrator is or was an issue, and that this is the type of case in which exculpatory DNA results would make a difference.  *Ex parte Guiterrez*, 337 S.W.3d at 891.  Courts have found that reasonable grounds for testing are not present if no biological evidence exists or if it has been destroyed, or if identity was not or is not an issue.  *Id*.  Reasonable grounds are present when the facts stated in the request for counsel or otherwise known to the convicting court reasonably suggest that a "valid" or "viable" argument for testing can be made.  *Id*.

The trial court's order states that identity is not an issue in this case.  The order notes that the opinion of the appellate court supports a finding that identity was not an issue.  We do not find that the trial court erred by not appointing counsel for these proceedings.  We overrule the first issue.

In the second issue, James argues that the trial court abused its discretion in denying the petition for DNA testing because there was exculpatory evidence.  The trial court's order states that James's motion did not contain a sworn affidavit in support of

the motion or a statement of fact that he would not have been convicted if exculpatory results had been obtained through DNA testing. The trial court further found that identity was not an issue. After reviewing the record before us, we find that the trial court did not err in denying the motion for DNA testing. We overrule the second issue.

James asserts three other issues alleging error in the underlying trial proceedings. The statute confers jurisdiction on this Court to review a trial court's order denying post-conviction DNA testing in any case in which the death penalty is not imposed. TEX. CODE CRIM. PRO. ANN. § 64.05 (West 2006). However, Chapter 64 is not an invitation to review every potential error in the underlying trial proceedings; it is simply a procedural vehicle for obtaining evidence "which might then be used in a state or federal habeas proceeding." *In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.-Austin 2012, no pet.). Accordingly, Chapter 64 does not confer jurisdiction on an appellate court to consider "collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing appeal, anything beyond the scope of those articles." *Id*. We lack jurisdiction to consider James's remaining issues on appeal.

We affirm the trial court's order dismissing James's Petition for DNA testing.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed December 12, 2013
Do not publish
[CR 25]