

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-15-00073-CR
07-15-00074-CR

JARROD NEAL FLAMING, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court Nos. A-18635-1011 & B-18377-1004, Honorable Kregg Hukill, Presiding

March 30, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Jarrod Neal Flaming, appeals the denial of his writs of habeas corpus by the Court of Criminal Appeals.[1] We dismiss the appeals for want of jurisdiction.

Appellant filed his notices of appeal on February 25, 2015. On March 13, 2015, this court directed appellant to show why we have jurisdiction over the subject matter of the appeals. His response was due no later than March 23, 2015. On March 23, 2015,

---

[1] The writs of habeas corpus were filed pursuant to article 11.07 of the Code of Criminal Procedure and were assigned cause numbers WR-82,471-01 and WR-82,471-02 by the Court of Criminal Appeals.

appellant filed a letter wherein he stated that he "would like to recall the Writ of Mandamus." The letter referenced the same appellate and trial court cause numbers referenced above.[2] No other response has been received to date.

The Court of Criminal Appeals has exclusive jurisdiction over post-conviction writs of habeas corpus in felony cases. *State v. Holloway*, 360 S.W.3d 480, 489 (Tex. Crim. App. 2012); *Keene v. Eight Dist. Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Courts of appeal have no jurisdiction over criminal law matters pertaining to proceedings under article 11.07. *In re Briscoe,* 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006) (original proceeding) (stating that courts of appeal have no jurisdiction over post-conviction writs of habeas corpus in felony cases); *see In re Garcia*, 363 S.W.3d 819, 822 n.4 (Tex. App.—Austin 2012, no pet.) (stating same).

Accordingly, we dismiss appellant's appeals for want of jurisdiction. In so doing, we also deny, as moot, appellant's pending motion to proceed as a pauper.

Per Curiam

Do not publish.

---

[2] We note that appellant had filed for mandamus relief which was dismissed prior to the court receiving appellant's letter dated March 23, 2015.