

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00080-CR

———————————————

TERRANCE FORD, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F-2007-2317-A

Before Sudderth, C.J.; Pittman and Birdwell, JJ.
Opinion by Justice Birdwell

# MEMORANDUM OPINION

Pro se appellant Terrance Ford appeals the trial court's denial of his postconviction motion for scientific testing. We construe his brief as raising two issues: the trial court erred by not appointing counsel to represent him, and the trial court erred by denying his motion on its merits. We reject both arguments and affirm the trial court's order denying the postconviction motion.

## Background

In 2009, Ford began serving a sentence of confinement for life for possessing while intending to deliver nearly four kilograms of cocaine.[1] In 2018, he filed a motion for postconviction scientific testing under chapter 64 of the code of criminal procedure.[2] He alleged that items "collected in relation to the offense" could "yield [detectable] and testable physical evidence that was . . . not tested nor detected for the [trial]." More specifically, he appeared to ask for testing to determine the presence of "adulterants and dilutants" within the cocaine. He did not explain how the presence of adulterants or dilutants, if any, would impact his conviction. Rather, in a conclusory fashion, he stated that the presence of adulterants or dilutants would be "exculpatory." He also filed a motion for the appointment of counsel.

---

[1]*See Ford v. State*, No. 02-09-00112-CR, 2010 WL 4261601, at *1–*3 (Tex. App.—Fort Worth Oct. 28, 2010, pet. ref'd) (mem. op., not designated for publication).

[2]*See* Tex. Code Crim. Proc. Ann. arts. 64.01–.05 (West 2018).

In the State's response, it argued that "testing of the seized cocaine, and any attendant adulterants or dilutants, is . . . outside the purview of Chapter 64." The State further represented that no law enforcement entity possessed testable biological material related to Ford's case.

The trial court denied Ford's request for the appointment of counsel, finding that he did not have reasonable grounds for filing his chapter 64 motion. The trial court also denied Ford's motion for testing of the cocaine. Ford brought this appeal.

## No Entitlement to Testing or to Counsel

Ford appears to argue that the trial court erred by denying his chapter 64 motion on its merits and by denying his motion for the appointment of counsel. Chapter 64 allows a convicted person to file in the convicting court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material. Tex. Code Crim. Proc. Ann. art. 64.01(a-1). "Biological material" includes "blood, semen, hair, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids, or other identifiable biological evidence that may be suitable for forensic DNA testing." *Id.* art. 64.01(a)(1). Upon receipt of a chapter 64 motion, the convicting court "shall appoint counsel for the convicted person if . . . the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent." *Id.* art. 64.01(c). The court may grant a chapter 64 motion only if the court finds that, among other requirements, "there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing." *Id.* art. 64.03(a)(1)(B).

3

In his motion for postconviction scientific testing, Ford did not allege that any evidence exists that may contain biological material, and he did not ask for DNA testing. Rather, he asked for testing of cocaine for the presence of adulterants or dilutants. As the State argued in the trial court, such testing is beyond the scope of chapter 64, and the trial court had no authority to consider granting it. *See id.* arts. 64.01(a-1), .03(a)(1)(B); *see also Ex Parte White*, 506 S.W.3d 39, 51 (Tex. Crim. App. 2016), *cert. denied*, 138 S. Ct. 136 (2017); *Sheppard v. State*, No. 02-12-00234-CR, 2013 WL 3488264, at *1 (Tex. App.—Fort Worth July 11, 2013, pet. ref'd) (mem. op., not designated for publication) ("In this case, Sheppard is attempting to use his chapter 64 motions to test the amount of a controlled substance and not DNA. This he cannot do."); *Jones v. State*, No. 13-05-00718-CR, 2006 WL 1919823, at *3 (Tex. App.— Corpus Christi July 13, 2006, pet. ref'd) (mem. op., not designated for publication) ("Testing of weights and types of cocaine is beyond the scope of chapter 64 because the chapter does not authorize . . . testing of non-biological material."). Because Ford's motion did not meet chapter 64's requirements, we hold that the trial court did not err by denying it. *See Sheppard*, 2013 WL 3488264, at *1.

Likewise, the trial court did not err by denying Ford's motion for the appointment of counsel. For the reasons stated above, we hold that the trial court reasonably found that no reasonable grounds existed for Ford's motion for postconviction testing, and we conclude that the trial court therefore did not err by not appointing counsel. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c); *Ex parte*

4

*Gutierrez*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011) ("Reasonable grounds are present when the facts stated in the request for counsel or otherwise known to the convicting court reasonably suggest that a 'valid' or 'viable' argument for testing can be made."); *Duran v. State*, No. 02-17-00405-CR, 2018 WL 3075030, at *3 (Tex. App.—Fort Worth June 21, 2018, pet. ref'd) (mem. op., not designated for publication).

Finally, to the extent that Ford's arguments on appeal broadly challenge his conviction on other grounds, those challenges are beyond the scope of a chapter 64 proceeding, and we do not consider them. *See In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.).

For all of these reasons, we overrule Ford's issues.

### Conclusion

Having overruled Ford's issues, we affirm the trial court's order denying his motion for postconviction scientific testing.

/s/ Wade Birdwell
Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 27, 2018