# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00580-CR

---

### Ex parte Verdell Brown, Jr.

---

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NO. 71473-A, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Verdell Brown, Jr., an inmate in the Texas Department of Criminal Justice, filed a post-conviction application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure that was subsequently denied by the Texas Court of Criminal Appeals (CCA) without written order. *See* Tex. Code Crim. App. art. 11.07. Brown seeks to appeal the CCA's denial as well as the findings of fact and conclusions of law entered by the trial court with respect to the application.

Article 11.07 provides the exclusive remedy for post-conviction relief from a felony conviction in which the applicant seeks relief from a judgment imposing a penalty other than death. *See id.* The article vests complete jurisdiction over such relief with the CCA. *See id.*, at §§ 3, 5. "While a post-conviction application for writ of habeas relief under article 11.07 must be filed in the court of original conviction, that court does not decide the merits of the application, but simply makes any necessary findings of fact and forwards the record to the Texas Court of Criminal Appeals for a final ruling." *Ex parte Taylor*, No. 03-16-00461-CR,

2016 WL 6407301, at *1 (Tex. App.—Austin Oct. 28, 2016, no pet.) (mem. op., not designated for publication).

Accordingly, we have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07. *See In re Garcia*, 363 S.W.3d 819, 822 n.4 (Tex. App.—Austin 2012, no pet.) ("Courts of appeals have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07."); *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (observing intermediate appellate courts lack jurisdiction over "post-conviction writs of habeas corpus in felony cases" under article 11.07). We therefore lack jurisdiction to review the CCA's denial of Brown's application for writ of habeas corpus or to review the convicting court's findings of fact and conclusions of law. *See Taylor*, 2016 WL 6407301, at *1. Brown's appeal is dismissed for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed: March 16, 2022

Do Not Publish