# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00056-CR

---

**Miles Wilson, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 53612, THE HONORABLE JOE CARROLL, JUDGE PRESIDING

---

## O P I N I O N

Appellant Miles Wilson, Jr., pleaded guilty to, and was convicted of, the offense of murder in 2003 and sentenced to life in prison. In November 2021, Wilson filed a "motion for the production of exculpatory and mitigating evidence." In his motion, he requests that the trial court order the State to produce "the physical and tangible objects in the possession of the prosecuting attorneys or their agents which may be relevant to the guilt or innocence of the Defendant, including biological samples from both the Defendant and the victim." Although Wilson's motion does not refer to any specific statute, it appears to be based on Article 39.14 of the Code of Criminal Procedure, which generally allows a defendant to discover "exculpatory, impeachment, or mitigating [evidence] in the possession, custody, or control of the state." *See* Tex. Code Crim. Proc. art. 39.14(h). Article 39.14 also requires the State to disclose to the defendant the existence of any additional evidence discovered "any time before, during, or after trial." *See id.* art. 39.14(k).

On January 12, 2022, Wilson filed a notice of appeal, seeking to appeal the trial court's ruling on his motion. "[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. art. 44.02 (addressing defendants' appeals in criminal cases); Tex. R. App. P. 25.2(a)(2) (authorizing appeals from "judgment of guilt or other appealable order"). Stated another way, in criminal cases, the standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). There is no statutory authorization for an appeal from the denial of a motion to compel discovery under Article 39.14.[1] *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("Jurisdiction must be expressly given to the courts of appeals in a statute.").

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

---

[1] In his notice of appeal, Wilson states that he is appealing under Article 64.05, which permits an appeal from an order denying post-conviction DNA testing. *See* Tex. Code Crim. Proc. art. 64.05. Wilson's motion does not seek forensic DNA testing but, instead, seeks to obtain evidence outside the scope of Chapter 64; consequently, Wilson cannot rely on Chapter 64 as a basis for appellate jurisdiction. *See In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.) (dismissing appeal for want of jurisdiction and explaining that Chapter 64 does not confer jurisdiction on appellate courts "to review, under the guise of a DNA testing appeal, anything beyond the scope of [Chapter 64]").

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Dismissed for Want of Jurisdiction

Filed:   March 25, 2022

Publish

3