# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00298-CR

---

### Ex parte Travis Lavel Ghant

---

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 53,391-C, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Travis Lavel Ghant, an inmate in the Texas Department of Criminal Justice, seeks to appeal the trial court's "judgment" with respect to his post-conviction application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure.[1]  *See* Tex. Code Crim. Proc. art. 11.07.

Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals (CCA).  *See id.* art. 11.07, §§ 3(a), 5; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (explaining that "[j]urisdiction to grant post[-]conviction habeas corpus relief on a final felony conviction rests exclusively with" CCA); *Hoang v. State*,

---

[1]  Pursuant to article 11.07, section 3, the trial court did not dispose of Ghant's application on its merits but transmitted it to the Texas Court of Criminal Appeals, which dismissed the application without written order.  *See Ex parte Taylor*, No. 03-16-00461-CR, 2016 WL 6407301, at *1 (Tex. App.—Austin Oct. 28, 2016, no pet.) (mem. op., not designated for publication) ("While a post-conviction application for writ of habeas relief under article 11.07 must be filed in the court of original conviction, that court does not decide the merits of the application, but simply makes any necessary findings of fact and forwards the record to the Texas Court of Criminal Appeals for a final ruling.").

872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (observing CCA "alone among the courts of Texas has authority to release from confinement persons who have been finally convicted of felonies in this State").

Accordingly, we do not have jurisdiction to grant Ghant the relief he seeks. *See In re Garcia*, 363 S.W.3d 819, 822 n.4 (Tex. App.—Austin 2012, no pet.) ("Courts of appeals have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07."). His appeal is dismissed for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   September 21, 2022

Do Not Publish

2