# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00109-CR

---

**Charles Reedy, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 450TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-17-300977, THE HONORABLE BRAD URRUTIA, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Charles Reedy filed a notice of appeal from "the denial of relief in his post-conviction application for writ of habeas corpus herein rendered against him in the above entitled and numbered causes on or about January 9, 2023 and served upon Counsel for Appellant on February 16, 2023." The record reflects that Reedy filed an application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure in the trial court on November 10, 2021. *See* Tex. Code Crim. Proc. art. 11.07.[1] The trial court entered findings of fact and conclusions of law on January 10, 2023, and transmitted the application to the Texas

---

[1] Reedy indicated on his application that he sought to challenge his conviction for murder, for which he was sentenced to twenty-five years' confinement. *See* Tex. Penal Code § 19.02.

Court of Criminal Appeals, which received it on February 16, 2023.[2]  The Court of Criminal Appeals denied the application without written order on March 8, 2023.

On March 23, 2023, the Clerk of this Court advised Reedy that it appears that this Court lacks jurisdiction over his appeal and requested that he file a response by April 5, 2023. To date, no response has been filed.

Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Court of Criminal Appeals.  *See id.* art. 11.07, §§ 3(a), 5; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (explaining that "[j]urisdiction to grant post[-]conviction habeas corpus relief on a final felony conviction rests exclusively with" Court of Criminal Appeals); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (observing Court of Criminal Appeals "alone among the courts of Texas has authority to release from confinement persons who have been finally convicted of felonies in this State").

Accordingly, we do not have jurisdiction to grant Reedy the relief he seeks.  *See In re Garcia*, 363 S.W.3d 819, 822 n.4 (Tex. App.—Austin 2012, no pet.) ("Courts of appeals have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07."). His appeal is therefore dismissed for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

---

[2]  Pursuant to article 11.07, section 3, the trial court did not dispose of Reedy's application on its merits but transmitted it to the Court of Criminal Appeals for disposition. *See Ex parte Taylor*, No. 03-16-00461-CR, 2016 WL 6407301, at *1 (Tex. App.—Austin Oct. 28, 2016, no pet.) (mem. op., not designated for publication) ("While a post-conviction application for writ of habeas relief under article 11.07 must be filed in the court of original conviction, that court does not decide the merits of the application, but simply makes any necessary findings of fact and forwards the record to the Texas Court of Criminal Appeals for a final ruling.").

_____

Edward Smith, Justice

Before Justices Baker, Smith, and Jones*

Dismissed for Want of Jurisdiction

Filed:   April 14, 2023

Do Not Publish

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

3