# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00183-CR

**Curtis Mayes, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 147TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-09-904090 THE HONORABLE CLIFFORD A. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Curtis Mayes, Jr., appeals from the trial court's denial of his request for post-conviction DNA testing of a BB gun. Mayes asserts that the State violated his *Brady* rights by not testing the gun for DNA and knowingly suppressed the gun, then covered up that suppression at trial by pulling it out of the evidence bag without using gloves. He contends that his trial counsel provided ineffective assistance by not objecting to the State's failure to disclose that the gun was never tested. We will affirm the denial of the request for a post-conviction test of the gun for DNA.

## BACKGROUND

In December 2009, a jury convicted Curtis Mayes, Jr, of two offenses of robbery that occurred on February 14, 2009. *See* Tex. Penal Code § 29.02; *see also Mayes v. State*, Nos. 03-10-00101-CR, 03-10-00102-CR, 2011 WL 1005331 (Tex. App.—Austin Mar. 18, 2011,

no pet.) (mem. op., not designated for publication). Both victims testified that their robbers threatened them with a gun. *Mayes*, 2011 WL 1005331 at *1-2. When Mayes was arrested driving a vehicle that matched the description of the vehicle reportedly used in the robberies, a BB gun that looked like a "real" gun was discovered under the passenger seat. *Id.* at *3. The jury was instructed that it could find Mayes guilty as a party to the robberies. The jury found Mayes not guilty of aggravated robbery but guilty of two counts of robbery. *Id.* at *4. After finding an enhancement paragraph true based on Mayes's plea of true, the jury assessed sentence at 29 years for each offense, to be served concurrently. *Id.* On direct appeal, Mayes challenged the admissibility of his pretrial and in-court identifications by the robbery victims. This Court affirmed, concluding that the photo lineup for the out-of-court identification by the victims was not impermissibly suggestive and that the in-court identifications were not corrupted by the acceptable out-of-court identification procedures.[1] *Id.* at *4-9.

In January 2021, Mayes filed a motion for forensic DNA testing under Texas Code of Criminal Procedure Chapter 64. *See* Tex. Code Crim. Proc. arts. 64.01-.05. In his affidavit in support of the motion, Mayes asserted that he never actually touched the gun and that his codefendant or someone else did. He contended that the absence of his DNA from the gun would be material, that constitutional error resulted from the suppression of favorable evidence, and that there is a reasonable probability that, had the evidence been disclosed, the result of the

---

[1] Mayes also asserted on appeal that the evidence was factually insufficient to sustain his convictions, but the Court of Criminal Appeals eliminated factual sufficiency as a valid appellate challenge in criminal cases after Mayes filed his brief but before the State filed its brief. *See Mayes v. State*, Nos. 03-10-00101-CR, 03-10-00102-CR, 2011 WL 1005331, at *9 (Tex. App.—Austin Mar. 18, 2011, no pet.) (mem. op., not designated for publication) (citing *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (factual sufficiency not available in criminal appeals.). This Court construed this issue as a challenge to the legal sufficiency of the evidence and determined that sufficient evidence was presented at trial. *Id.* at *10.

proceeding would have been different. In his memorandum in support of his motion, Mayes asserted that the absence of his DNA from the gun would have made a different result reasonably probable and that the State's failure to disclose the absence of his DNA or fingerprints constituted a *Brady* violation, citing *United States v. Bagley*, 473 U.S. 667 (1985) and *Brady v. Maryland*, 373 U.S. 83 (1963). He contended that the suppression of the absence of his DNA on the gun undermined confidence in the trial and that the State's failure to disclose the evidence violated the due process clauses of the federal and state constitutions.

The State responded that the gun was admitted as an exhibit and was still being held at Austin Police Department evidence storage. The investigator testified that the gun was not DNA tested before trial because it was found in the possession of the suspects. The trial transcript shows that the gun was handled at the time of its seizure, was physically removed from an envelope during the trial by the prosecuting attorney, and was handled and examined by a police officer during a recess in the trial. More than 12 years passed between when the gun was presented at the trial and Mayes's request for DNA testing. The State argued that Mayes's request did not meet the standards for DNA testing because there was not a reasonable likelihood that the gun contained biological material suitable for DNA testing. The gun could be swabbed, but because of the handling of the gun, uncertain chain of custody, and potential contamination involving transfer DNA during that handling, any testing would not be probative.

The trial court denied Mayes's motion for forensic DNA testing, finding and concluding as follows:

1. Article 64.03[(a)](2)(A) of the Texas Code of Criminal Procedure requires the convicted person to establish by a preponderance of the evidence that "the person would not have been convicted if exculpatory results had been obtained through DNA testing." This means the defendant must demonstrate

3

that "a reasonable probability exists that exculpatory DNA tests would prove their innocence." *Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002).

2. The lack of Applicant's DNA on the gun that Applicant requests testing on would not constitute affirmative evidence of Applicant's innocence nor would it create a reasonable likelihood that he would not have been convicted.

3. Applicant's motion fails to establish that, had exculpatory DNA results been obtained, there is a reasonable probability that Applicant would not have been convicted.

4. The requirements of Article 64.03 of the Texas Code of Criminal Procedure have not been satisfied. *See* Tex. Code Crim. Proc. art. 64.03(a)(2)(A).

The court certified that Mayes had the right to appeal, and this appeal followed.

## POST-CONVICTION DNA TESTING AND THE STANDARD OF REVIEW

Chapter 64 of the Code of Criminal Procedure allows convicted persons to seek forensic DNA testing of evidence that has a reasonable likelihood of containing biological material. Tex. Code Crim. Proc. art. 64.01(a-1). The convicting court shall appoint counsel for an indigent convicted person who requests such appointment if the court finds reasonable grounds for a motion for DNA testing to be filed. *Id.* art. 64.01(c).

The court may order forensic DNA testing under Chapter 64 only if the court finds that the evidence still exists and is in a condition making DNA testing possible and has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect. *Id.* art. 64.03(a)(1)(A). The court must also find a reasonable likelihood that the evidence contains biological material suitable for DNA testing and that identity was or is an issue in the case. *Id.* art. 64.03(a)(1)(B), (C). The convicted person must establish by a preponderance of evidence that he would not have been

4

convicted if exculpatory results had been obtained through DNA testing and that the request for testing is not made to unreasonably delay execution of sentence or administration of justice. *Id.* art. 64.03(a)(2). In sum, a defendant is not entitled to DNA testing unless he shows that unaltered evidence is available for testing and that there is a greater than 50% chance that he would not have been convicted if DNA testing provided exculpatory results. *Prible v. State*, 245 S.W.3d 466, 467-68 (Tex. Crim. App. 2008).

Because there were no witnesses at a hearing on this motion and the trial record and affidavit of the Appellant are the only sources of information supporting the motion, we review the issues presented to the trial court *de novo*. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

## DISCUSSION

Mayes presents these three issues on appeal:[2]

Issue 1: Did the State violate the appellants *Brady* rights when it failed to get the B.B. gun tested before the prosecutor pulled it out of the evidence bag?

Issue 2: Can prosecutors knowingly suppress evidence until trial, and then cover it up by pulling it out of the evidence bag without using gloves?

Issue 3: Was it ineffective Assistance of Counsel, when the appellant's lawyer failed to object to prosecutor's miscarriage of justice by failing to disclose to the appellant the fact that the gun was never tested?

---

[2] The issues are quoted from Mayes's introductory statement of the Issues Presented for Review. He restated the first issue slightly differently in his argument section, but the difference is not substantive.

None of these issues asserts error in the trial court's findings and conclusions in its order denying the request for DNA testing. More critically, none of these issues concerns a subject matter within the scope of the relief available under Chapter 64.[3]

Mayes complains of actions and omissions by prosecutors and his counsel but does not assert or show errors in the trial court's conduct and resolution of the Chapter 64 motion at issue in this proceeding. Allegations of *Brady* violations, suppression of evidence, mishandling of exhibits, and counsel's failure to object to prosecutor's failures to disclose the absence of testing for fingerprints on the gun do not assert any error in the trial court's determination that the lack of Mayes's DNA on the gun would neither constitute affirmative evidence of Mayes's innocence nor create a reasonable likelihood that he would not have been convicted.

A more fundamental flaw in Mayes's points on appeal is that he strays further from the permissible scope of this proceeding. Chapter 64 offers a way to obtain forensic DNA testing of biological evidence that could then be used in another proceeding. *Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005). Chapter 64 does not confer jurisdiction on courts

---

[3] Mayes also requested appointment of counsel on this appeal. Our analysis of Mayes's application also supports our denial of his motion for appointment of counsel. An indigent convicted person must persuade the court that there are "reasonable grounds for a motion to be filed" to obtain appointed counsel. Tex. Code Crim. Proc. art. 64.01(c); *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). Article 64.01(c), the only provision of Chapter 64 that addresses entitlement to counsel, does not distinguish between the trial and appellate stages of the proceeding. *Watson v. State*, No. 07-06-0414-CR, 2006 WL 3327814 (Tex. App.—Amarillo Nov. 16, 2006, order) (per curiam) (not designated for publication); *see* Tex. Code Crim. Proc. art. 64.01(c). Because, as discussed in this opinion, Mayes did not present or establish reasonable grounds for a motion to be filed, he did not show himself entitled to appointment of counsel on appeal of the denial of his application for DNA testing. Accordingly, we deny his motions for appointment of counsel on appeal.

to consider collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing request, anything beyond the scope of the prescribed grounds. *See* Tex. Code Crim. Proc. arts. 64.01-.05; *In re Garcia*, 363 S.W.3d 819, 821-22 (Tex. App.—Austin 2012, no pet.). Collection of fingerprint evidence is outside the scope of Chapter 64 unless the applicant seeks to test biological material such as blood or skin cells from the fingerprints. *In re Morton*, 326 S.W.3d 634, 647 (Tex. App.—Austin 2010, no pet.). The assertion that the prosecutor withheld evidence in violation of disclosure requirements under *Brady*, 373 U.S. 83, is likewise not a request for DNA analysis of biological material. *Phillips v. State*, No. 05-04-00532-CR, 2005 WL 1819598, at *3 (Tex. App.—Dallas Aug. 3, 2005), (mem. op., not designated for publication), *appeals dism'd*, Nos. PD_1552-05, PD-1553-05, 2007 WL 1492056 (Tex. Crim. App. May 23, 2007) (not designated for publication). The assertion that Mayes's counsel rendered ineffective assistance by failing to make an objection is also not within the scope of the statute permitting DNA analysis of biological material. *Garcia*, 363 S.W.3d at 821-22. We lack jurisdiction to address these allegations of attorney acts and omissions in a Chapter 64 proceeding. *See id.*

Even if we read Mayes's brief broadly as challenging the trial court's order, the record supports the trial court's conclusion that Mayes did not show himself entitled to Chapter 64 testing. Mayes seeks proof through the absence of his DNA on the gun that he did not touch the gun and therefore did not rob the victims. Mayes's own allegations about the State's handling of the gun call into question whether the absence of his DNA on the gun would prove that he did not touch it in 2009. DNA analysis is not as probative when the items tested are not at a place where only a limited number of contributors could be found. *Hall v. State*, 569 S.W.3d 646, 658 (Tex. Crim. App. 2019). Because epithelial cells are ubiquitous on handled materials

and there is an uncertain connection between the DNA profile identified from the epithelial cells and the person who deposited them, the significant possibility of DNA being deposited by an innocent person reduces the probative value of any exculpatory DNA test result. *Id.* Other evidence tied Mayes to the crimes. Both victims said the gun-wielding robber was close enough to touch them with the gun and both identified Mayes as the person who robbed and threatened them; "the victims did not express any uncertainty in their identification of Mayes as the gunman, either while viewing the lineup or in court." *Mayes*, 2011 WL 1005331, at *8. Later on the morning of the robberies, Mayes was driving the vehicle used in the robberies and was arrested with another defendant who admitted being involved in the robberies. *Id.* at *10. Further, the jury was instructed that it could find Mayes guilty as a party to the robberies if, acting with intent to promote or assisted the commission of the offenses, he solicited, encouraged, directed, or attempted to aid another person to commit the offenses. Mayes was driving the vehicle identified as the robbers' car when arrested with a codefendant who possessed a lighter like one taken from one of the victims. *Id.* at *1, *3. During the robberies, the non-gunman suggested that the gunman "cap" one victim and, while standing by the driver's side of the car during the other robbery, urged the gunman, "Come on, come on, hurry up. Let's go." *Id.* Even if DNA testing proved that Mayes never touched the gun, other evidence would have supported the jury finding him guilty as a party to the robberies, so the absence of DNA would not have made a not-guilty finding more likely than not. The trial court did not err by concluding that Mayes failed to prove that unaltered evidence is available for testing and that there is a greater than 50% chance that he would not have been convicted if DNA testing of that evidence provided exculpatory results. *See Prible*, 245 S.W.3d at 467-68.

Mayes did not raise errors made by the trial court, did not raise issues on appeal that are cognizable in a Chapter 64 petition, and did not establish by a greater than 50% chance that DNA testing of the gun would have caused the jury to find him not guilty.

## CONCLUSION

We affirm the trial court's denial of Mayes's application for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed:   August 2, 2023

Do Not Publish