# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00571-CR

---

### Ex parte Isaac Benavidez

---

### FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY
### NO. 15265, THE HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Isaac Benavidez, an inmate in the Texas Department of Criminal Justice, appeals from the trial court's denial of his application for writ of habeas corpus. On January 28, 2014, appellant pleaded guilty to the felony offense of injury to a child and was placed on deferred-adjudication community supervision. *See* Tex. Penal Code § 22.04. The trial court subsequently found that appellant had violated the conditions of his community supervision, adjudicated his guilt, and sentenced him to 60 years' confinement. After the adjudication of guilt, appellant filed an article 11.072 application for writ of habeas corpus, contending that his 2014 plea had been involuntary because he received ineffective assistance of counsel. *See* Tex. Code Crim. Proc. art. 11.072 (establishing procedures for applicant to seek habeas relief from "an order or a judgment of conviction ordering community supervision"). The trial court denied the application, and this appeal followed.

As the State argued in its response to the application, article 11.072 was not the appropriate vehicle for appellant's claims, which amount to a collateral attack on a final conviction. At the time he filed the application, he was neither serving a term of community

supervision, nor had he completed one. *See Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008) (observing that Legislature intended article 11.072 to apply only "in cases involving an individual who is either serving a term of community supervision or who has completed a term of community supervision").

Appellant "is restrained by his final conviction for this offense." *Salazar v. State*, No. 12-10-00443-CR, 2011 WL 6043028, at *2 (Tex. App.—Tyler Nov. 30, 2011, pet. ref'd) (mem. op., not designated for publication). Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals (CCA).[1] *See* Tex. Code Crim. Proc. art. 11.07, §§ 3(a), 5; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (explaining that "[j]urisdiction to grant post[-]conviction habeas corpus relief on a final felony conviction rests exclusively with" CCA); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (CCA "alone among the courts of Texas has authority to release from confinement persons who have been finally convicted of felonies in this State").

Accordingly, because appellant seeks habeas relief from a final felony conviction, we lack jurisdiction over this proceeding. *See In re Garcia*, 363 S.W.3d 819, 822 n.4 (Tex. App.—Austin 2012, no pet.) ("Courts of appeals have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07."); *Salazar*, 2011 WL 6043028, at *3. His appeal is dismissed for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

---

[1] "While a post-conviction application for writ of habeas relief under article 11.07 must be filed in the court of original conviction, that court does not decide the merits of the application, but simply makes any necessary findings of fact and forwards the record to the Texas Court of Criminal Appeals for a final ruling." *Ex parte Taylor*, No. 03-16-00461-CR, 2016 WL 6407301, at *1 (Tex. App.—Austin Oct. 28, 2016, no pet.) (mem. op., not designated for publication).

_____

Edward Smith, Justice

Before Justices Baker, Triana, and Smith

Dismissed for Want of Jurisdiction

Filed:   October 5, 2023

Do Not Publish