# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00411-CR

---

### Ex parte Derek W. Grinstead

---

### FROM THE 390TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-18-207262, THE HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Derek W. Grinstead,[1] an inmate in the Texas Department of Criminal Justice, filed a post-conviction application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure that was subsequently denied by the Texas Court of Criminal Appeals (CCA) without written order on May 22, 2024. *See* Tex. Code Crim. App. art. 11.07. Grinstead, appearing pro se, now seeks to appeal that denial.[2]

Article 11.07 provides the exclusive remedy for post-conviction relief from a felony conviction in which the applicant seeks relief from a judgment imposing a penalty other than death. *See id.* The article vests complete jurisdiction over such relief with the CCA. *See*

---

[1] We previously affirmed Grinstead's conviction for aggravated sexual assault. *See Grinstead v. State*, No. 03-19-00848-CR, 2021 WL 5457008, at *11 (Tex. App.—Austin Nov. 19, 2021, pet. ref'd) (mem. op., not designated for publication).

[2] In a docketing statement filed with this Court, Grinstead states that "[t]his appeal is to request findings of fact and conclusions of law from the district trial court." Such a complaint is, however, also "governed by article 11.07 and, therefore, properly heard by the court of criminal appeals." *Martin v. State*, No. 03-10-00075-CR, 2010 WL 3431681, at *2 (Tex. App.—Austin Aug. 31, 2010, pet. ref'd) (mem. op., not designated for publication); *see In re Garcia*, 363 S.W.3d 819, 822 n.4 (Tex. App.—Austin 2012, no pet.).

*id.*, at §§ 3, 5. Accordingly, we have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07, including appellate review of applications denied by the CCA. *See In re Garcia*, 363 S.W.3d 819, 822 n.4 (Tex. App.—Austin 2012, no pet.) ("Courts of appeals have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07."); *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (observing intermediate appellate courts lack jurisdiction over "post-conviction writs of habeas corpus in felony cases" under article 11.07); *see also Ex parte Griffin*, No. 03-23-00093-CR, 2023 WL 2617798, at *1 (Tex. App.—Austin Mar. 24, 2023, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction appeal from CCA's denial of article 11.07 habeas application). This appeal is therefore dismissed for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Ex parte Griffin*, 2023 WL 2617798, at *1.

_____

Edward Smith, Justice

Before Justices Baker, Smith, and Theofanis

Dismissed for Want of Jurisdiction

Filed: July 31, 2024

Do Not Publish