# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00591-CR

---

## Ex parte Gabryelle Daniels

---

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 75701-A, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Gabryelle Daniels, acting pro se, appeals the trial court's findings of fact and conclusions of law on her postconviction application for writ of habeas corpus, which the Court of Criminal Appeals later denied, without a written order, under article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. App. art. 11.07.

An article 11.07 writ of habeas corpus is the exclusive remedy for an applicant seeking postconviction relief from a final felony judgment imposing a penalty other than death. *See id.* Article 11.07 vests the Court of Criminal Appeals with complete jurisdiction over applications for such relief. *See id.* §§ 3, 5. We lack jurisdiction over criminal-law matters pertaining to article 11.07 proceedings, including appellate review of applications that the Court of Criminal Appeals has denied. *See In re Garcia*, 363 S.W.3d 819, 822 n.4 (Tex. App.—Austin 2012, no pet.) ("Courts of appeals have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07."); *In re Briscoe*, 230 S.W.3d 196, 196-97 (Tex. App.—Houston

[14th Dist.] 2006, orig. proceeding) (noting that intermediate appellate courts lack jurisdiction over "post-conviction writs of habeas corpus in felony cases" under article 11.07).

Accordingly, we dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Dismissed for Want of Jurisdiction

Filed:   August 15, 2025

Do Not Publish

2